[Civ. No. 9988. Second Appellate District, Division One.—October 16, 1935.]

L. M. CHRISTY, Respondent, v. CITY OF ALHAMBRA (a Municipal Corporation), Appellant.

James B. Ogg for Appellant.

Clark & Morgan for Respondent.

SHINN, J., *pro tem.*—Plaintiff and respondent L. M. Christy in alighting from an automobile in the City of Alhambra stepped into a sunken water meter box in the parkway between the curb and sidewalk, which box and meter were maintained and controlled by appellant, City of Alhambra. In a suit for damages, charging the city with negligence in maintaining the box and cover thereof in a defective condition, she was awarded $3,500 by a jury. Upon its appeal, the city relies upon the insufficiency of the evidence to show notice to the city of the defective condition of the meter box, upon the defense of contributory negligence, alleged errors in the admission of evidence and instructions to the jury, and contends that the amount of the verdict is excessive. The box in question was square, of metal construction with a metal top, which folded back upon hinges, to allow reading of the meter. It had been in use a long time and there was evidence that it had been in a defective condition, due to the hinges being broken, for about a year prior to the accident. Shortly after the accident it was replaced with another box, the old box being discarded. The water meters were read by the city each month.

Appellant relies upon the fact that no actual knowledge of the defective condition of the box was brought home to the city water department, and that, therefore, the liability of the city for negligence was not established. The argument, however, ignores the element of constructive notice, which will be presumed where a conspicuous defect or dangerous condition has existed for a considerable length of time. Under Statutes of 1923, page 675, a municipality is

chargeable with actionable negligence if it has notice of the dangerous or defective condition of public works and fails within a reasonable time thereafter to remedy the same, so as to protect the public against injury. It was the duty of the city to keep its meter boxes in repair, which duty entailed an obligation to inspect them at reasonable intervals. If the meter readers were not charged with the duty of inspection it is to be presumed that some other employee was and that the city did not allow the boxes to go uninspected for a period of a year. "Implied or constructive notice arises from facts from which it may be reasonably inferred or from proof of circumstances from which it appears that the defect ought to have been known or remedied, the rule prevailing in such cases requiring the exercise of ordinary or reasonable care to discover the defect." (43 C. J. 1045.) This rule is given recognition in *Wurzburger* v. *Nellis,* 165 Cal. 48 [130 Pac. 1052], *Dawson* v. *Tulare Union High School,* 98 Cal. App. 138 [276 Pac. 424], and *Roberts* v. *Pacific Gas & Electric Co.,* 102 Cal. App. 422 [283 Pac. 353]. We take the question to be, in each case, whether, by the use of reasonable diligence, the given condition should have been discovered within a given period of time, and the answer must depend upon the facts of the particular case. The broken condition of the meter box would have been disclosed upon inspection and the jury not unreasonably concluded that such a condition should have come to the attention of the city authorities within the period of a year. A contrary conclusion, it seems to us, would not have been as well founded. The evidence therefore sufficiently shows notice on the part of the city.

■ Appellant's argument upon the defense of contributory negligence does not advance any plausible reason for holding, as a matter of fact, and much less as a matter of law, that plaintiff was negligent in stepping onto the meter box cover as she alighted from the car. There was evidence that the cover was in place and no evidence of any circumstances to warn her of its unsafe condition. There is no reason for disturbing the conclusion of the jury as to the merits of this defense.

■ Appellant next claims error in allowing the witness Winifred Pearson to testify that some four months before plaintiff's accident the witness stepped into the same meter box when alighting from an automobile in the nighttime.

The evidence tended to corroborate that of other witnesses who testified that the hinges were broken so as to detach the lid from the box and we think the testimony was relevant to the question of the condition of the box some months before plaintiff's accident. (*Rafferty* v. *City of Marysville*, 207 Cal. 657 [280 Pac. 118]; 10 Cal. Jur. 827; *Gorman* v. *County of Sacramento*, 92 Cal. App. 656 [268 Pac. 1083].)

█ The court instructed the jury that plaintiff might recover "the loss, if any, which plaintiff has sustained or will hereafter sustain, by reason of abatement of ability to follow business pursuits, by injuries received. . . . the time she has lost from her business by reason of such injury and such damages, if any, as you believe, from the evidence, she will sustain in the future as the direct effect of the injury she received," etc. The language of the instruction was much too broad. The damages should have been limited to those suffered in the past and to such future damages as were established with certainty. (Sec. 3283, Civ. Code; *Melone* v. *Sierra Railway Co.*, 151 Cal. 113 [91 Pac. 522].) However, defendant's own instruction on the subject was even more erroneous. Under it the jury was told that plaintiff could recover not for injuries which she "will" sustain, as in plaintiff's instruction, but for those which she "may" sustain. This error in the instruction does not justify a reversal of the judgment. Presumably defendant's instruction would have been given if plaintiff's had not been. A party cannot complain of error in an instruction given at his own request. The amount of damages awarded plaintiff is not sufficiently large to indicate that this misdirection of the jury, at the request of both parties, had a material effect upon the size of the verdict.

█ The final point to be considered is the alleged excessive damages. Plaintiff at the time of the injury weighed 218 pounds. She fell upon her back, was taken home and remained in bed for three weeks under a doctor's care. She was suffering from an arthritic condition of the spine. There was testimony to the effect that for the first three days she suffered extreme pain, and there was other evidence to the effect that the pain continued in a lesser degree up to the time of the trial, six months after the accident. She was employed as manager of a cosmetic company, instructing and training operators and traveling about, putting in managers

and checking the work of the operators. This work covered the territory in California from Fresno south. She testified that after the accident she was unable to take long drives and had not been able to earn anything by her personal efforts up to the time of the trial. Her testimony as to her previous earnings was of a very general nature but to the effect that she had made $4,200 or more in 1932 and $3,600 in 1933. The evidence, as a whole, shows that plaintiff's injuries were of a substantial nature. The arthritic condition of her back was shown to be a permanent one and we think the jury might reasonably have believed not only that the injuries themselves caused plaintiff severe pain for an extended period of time, but that they also aggravated an existing condition, so as to materially restrict plaintiff's activities in her business and increase the pain and inconvenience which will result from a physical condition which, in plaintiff's case, appears to be a somewhat serious one. The most that can be said of the verdict, in any view, is that the award was perhaps a generous one. Even if that were our view, as to which no expression is called for, we would not be at all justified in granting a new trial or in reducing the amount of the judgment. The award is not so grossly disproportionate to just compensation as to raise a presumption that it was given as the result of passion, prejudice or corruption. Therefore, under authorities so numerous and uniform as to require no citation or discussion, the verdict cannot be set aside as excessive. (8 Cal. Jur. 834.)

Other minor points relating to the admission of evidence and further criticism of instructions in unimportant particulars require no discussion.

The negligence of the defendant was established by substantial evidence, the case was tried without error which might reasonably have led to an erroneous judgment and the result of the case, upon the entire record, appears to be a fair one.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1935.