[Civ. No. 10575. Second Appellate District, Division Two.—December 20, 1935.]

LAURA H. CRESSEY, Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney and Leon Thomas David and Thatcher J. Kemp, Deputies City Attorney, for Appellant.

Randall J. Hood for Respondent.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of respondent after a trial by the court without a jury.

Viewing the evidence most favorable to respondent (*Ah Gett* v. *Carr*, 3 Cal. App. 47, 48 [84 Pac. 458]), the facts in the instant case are:

The sidewalk on the Leeward Avenue side of the First Baptist Church in the City of Los Angeles is paved from the property line to the street curb with the exception of several areas in which trees were growing at the time the improvement was made. February 14, 1934, the civil works administration workers, under the direction of appellant, removed one of these trees, leaving an unpaved circular area four feet in diameter and three inches in depth. This space remained unpaved to and including April 26, 1934. During this period appellant's board of public works, having authority to remedy dangerous or defective conditions in sidewalks, through its engineering department, maintained a street inspector whose district included the sidewalk in question. This inspector, legal holidays excepted, was engaged in covering the district continually during the period from February 14, 1934, to April 26, 1934. At noon on the latter date respondent, while standing on the northeast corner of Westmoreland and Leeward Avenues, was hailed by the driver of an automobile parked in front of the Leeward Avenue entrance to the church; whereupon she crossed to the southeast corner of the streets and then proceeded sixty or seventy feet easterly to the automobile. Respondent took one or two steps back from the curb, due to the fumes arising from the car. The motor then started, emitting a large quantity of smoke; whereupon she took two or three more steps back and fell into the unpaved area left by removal of the tree and received personal injuries.

Appellant relies for reversal of the judgment on three propositions:

*First: The evidence is sufficient to support the findings of fact.*

*Second: The appellant municipality did not have notice of the dangerous and defective condition existing in the sidewalk.*

*Third: Respondent was guilty of contributory negligence as a matter of law.*

■ As to appellant's first proposition, we have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the trial court may have reasonably drawn therefrom to sustain each and every material finding of fact in favor of respondent. We therefore refrain from further discussion of the evidence. (*Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399]; *Koeberle* v. *Hotchkiss,* 8 Cal. App. (2d) 634 [48 Pac. (2d) 104].)

■ As to appellant's second proposition, the appellant municipality is liable for damages resulting from a defective condition existing in one of its sidewalks, if it has constructive notice of the dangerous condition and a reasonable time to remedy the same has elapsed.. It is a question of fact for the trial court to determine under all the facts and circumstances in evidence whether the dangerous condition in the sidewalk has existed for a *sufficient length of time* to constitute *constructive notice* and also whether a *reasonable time to remedy* the condition has elapsed. (*Wise* v. *City of Los Angeles,* 9 Cal. App. (2d) 364 [49 Pac. (2d) 1122]; *Hook* v. *City of Sacramento,* 118 Cal. App. 547, 554 [5 Pac. (2d) 643].)

■ In the present case the defective condition had existed for two months and twelve days. In *Wise* v. *City of Los Angeles, supra,* the existence of a defective condition in a public street for four or five days was held to be substantial evidence under the circumstances of that case to sustain a finding of the trial court that the defect had existed for a sufficient length of time to constitute constructive notice to the appellant municipality and a reasonable time within which to remedy the condition under the Public Liability Act of 1923, Statutes of 1923, page 675, Act 5619, Deering's General Laws, volume II, page 3052.

Furthermore, in view of the evidence, the appellant municipality had actual knowledge of the existence of the defective and dangerous condition of its sidewalk. The facts in the instant case on this point are analogous to and the principle of law is identical with that in the case of *Hook* v. *City of Sacramento, supra,* wherein Mr. Presiding Justice Preston at page 553 says:

"It is inconceivable that a man engaged in examining and inspecting streets and sidewalks would overlook a defect 18

inches to 2 feet long. Therefore, sufficient evidence was shown that appellant had actual knowledge of the existence of the dangerous and defective condition of said apron for at least two months prior to the accident."

· ■ Appellant's final proposition is answered by an unbroken line of decisions in this state holding contributory negligence on the part of the respondent a question of fact for determination by the trial judge, whose finding will not be disturbed by this court, if there is substantial evidence in support thereof. In *Van Praag* v. *Gale*, 107 Cal. 438 [40 Pac. 555], a case in which the plaintiff walked into an open trap door on the sidewalk, Mr. Commissioner Searls at page 443 says:

"The gist of the contention in the present case, although not expressed in so many words, seems to be that, as there is no conflict in the testimony, the facts are established, and it is the duty of the court to decide the issue as a question of law.

"But it by no means follows that the facts are admitted because there is no conflict in the testimony.

"Negligence is not ordinarily proven by direct and positive testimony, and is not so proven in this case. What the plaintiff did is established without dispute and beyond cavil. But whether from this conduct the deduction is inevitable that he did not exercise the precautions for his own safety which a reasonable man would have done under precisely the same circumstances is not so clear. That this is the ultimate fact to be determined must be conceded.

"It is only where the inference of negligence is irresistible that it becomes the duty of the court to decide upon it as a matter of law, and, when the facts or the inference to be drawn from them are in any degree doubtful, the only proper rule is to submit the whole matter to the jury, under proper instructions."

In the case before us, an examination of the record discloses that reasonably prudent men could draw different conclusions from the evidence educed before the trial judge. Therefore his finding that respondent was free from contributory negligence will not be disturbed by this court.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 17, 1936.