[Civ. No. 13832.   Second Dist., Div. Two.   Nov. 27, 1942.]

MARION SHELDON, Respondent, v. CITY OF LOS AN-
GELES (a Municipal Corporation), Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Leonard Husar and Bourke Jones, Deputies City Attorney, for Appellant.

Paul Blackwood and Samuel P. Young for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages for injuries sustained by plaintiff as the result of a fall upon an allegedly defective sidewalk in the city of Los Angeles, defendant appeals.

The following is a picture of the scene of the accident hereinafter described:

The evidence being viewed in the light most favorable to plaintiff (respondent), the facts in the instant case are:

The sidewalk on the westerly side of Western Avenue northerly of its intersection with Melrose Avenue is of solid cement and is ten feet wide. At a point five feet from the curb of Western Avenue and 23½ feet northerly from Melrose Avenue the sidewalk has settled along one of the scoring lines of the cement blocks for a distance of eight feet, leaving a difference in elevation between the adjoining slabs as shown in the picture *supra*. This difference in elevation varies from a maximum of one and one-half inches at the southerly end thereof where it adjoins the iron plate shown in the picture thence tapering to one-third of an inch at about the middle of the depressed length of sidewalk and thence tapering to nothing at the northerly end of the depression.

January 4, 1941, plaintiff alighted from the rear door of a southbound Western Avenue bus, accompanied by her eleven year old grandchild. At the time plaintiff alighted from the bus there was a bench on the sidewalk immediately in front of the depression above described. She walked around the northerly edge of the bench and as she turned south and stepped on the sidewalk her foot twisted and turned to the east, that is, toward the lower portion of the sidewalk created by the depression, and she fell, fracturing her foot. The point at which plaintiff fell was approximately at the point of the greatest difference in elevation between the cement slabs. The depression had existed in the sidewalk for more than one year.

Defendant urges reversal of the judgment on two propositions which will be stated and answered hereunder seriatim.

■ *First: The defect in the sidewalk was a trivial and minor one as a matter of law, for injuries from which defendant city was not liable.*

This proposition is untenable. The rule is established in California that a municipality is not liable for injuries resulting from slight defects in a sidewalk from which it may not reasonably be anticipated that accidents may result (*Whiting* v. *City of National City,* 9 Cal.2d 163, 165 [69 P.2d 990]). However, the present case does not fall within this rule, for it is evident from an examination of the picture set forth above that the depression which was the cause of the

accident in the present case was neither trivial nor minor.

*Second: Defendant had no knowledge of the defect which was the cause of the accident.*

This proposition is likewise untenable and is governed by the following rules:

(1) A municipality is liable for damages resulting from a defective condition existing in one of its sidewalks in the absence of actual knowledge or notice of the dangerous condition, where a presumption of constructive notice has been created from the existence of the dangerous condition for an unreasonable length of time (*Wise* v. *City of Los Angeles*, 9 Cal.App.2d 364, 366 [49 P.2d 1122, 50 P.2d 1079]).

(2) It is a question of fact for the trial court to determine under all the facts and circumstances in evidence whether the dangerous condition in the sidewalk has existed for a *sufficient length of time* to constitute *constructive notice* and also whether a reasonable time to remedy the condition has elapsed (*Cressey* v. *City of Los Angeles*, 10 Cal.App.2d 745, 747 [53 P.2d 172]).

Applying the foregoing rules to the facts of the instant case, it is evident that, since the dangerous condition had existed for more than a year, the city had constructive notice of the defect in its sidewalk. That the court was justified in holding the defect was a peril that should have been removed long prior to the accident is evidenced not only by the photograph of the *locus in quo* but as well by the testimony of witnesses who had either tripped on the defective sidewalk or had observed others fall by reason of it. In *Wise* v. *City of Los Angeles, supra,* the existence of a defect for four or five days was held to be substantial evidence to sustain a finding that defendant municipality in such case had constructive notice of the defect. In *Cressey* v. *City of Los Angeles, supra,* the existence of a defective condition in defendant municipality's sidewalk for two months and twelve days was held to constitute substantial evidence to sustain a finding that defendant city had constructive notice of the defect in its sidewalk.

*Nicholson* v. *City of Los Angeles,* 5 Cal.2d 361 [54 P.2d 725]; *Whiting* v. *City of National City,* 9 Cal.2d 163 [69 P.2d 990]; and *Balmer* v. *City of Beverly Hills,* 22 Cal.App. 2d 529 [71 P.2d 854], are inapplicable to the facts of the

present case, for the reason that in each of the cases just cited the defects were held to be minor and trivial ones which had not existed for a sufficient length of time to support a finding that the city had constructive notice of them (*Balkwill* v. *City of Stockton*, 50 Cal.App.2d 661, 668 [123 P.2d 596]). For this reason the judgment in favor of the plaintiffs in each of these cases was reversed. It is therefore evident that these cases are not of value in deciding the present case, because the defect in the present case was neither trivial nor minor.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 25, 1943. Gibson, C. J., Edmonds, J., and Traynor, J., voted for a hearing.