[Civ. No. 16843.   Second Dist., Div. Two.   May 6, 1949.]

AMOS B. WARREN, Respondent, v. CITY OF LOS ANGELES, Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, Leonard Husar and John F. Feldmeier, Deputy City Attorneys, for Appellant.

O. O. Collins, and John R. Allport for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages for injuries sustained by plaintiff as the result of a fall upon a sidewalk in the city of Los Angeles, defendant city appeals.

## FACTS

The evidence being viewed in the light most favorable to plaintiff (respondent) the facts in the instant case are:

On September 10, 1946, about 12:05 p. m. plaintiff was walking on the sidewalk on the west side of Main Street in defendant city approximately 2 or 3 feet from the west curb. He stepped on a fan shaped wet spot about 2 feet wide and 3 feet long, the narrow end of which was toward the curb. This wet spot consisted of grease and water. The heel of his shoe came in contact with it and he slipped and fell on his side with the result that he suffered personal injuries. For two or three months prior to and at the time of the accident there was a hole in the street, approximately 10 inches by 10 inches and 2 inches deep containing water and oil. The wet spot on the sidewalk upon which plaintiff fell was caused by automobiles passing over the hole in the street and causing the fluid collected therein to splash onto the sidewalk.

Defendant city had inspectors whose duty it was to inspect the streets and sidewalks of the city including the area where the accident occurred.

## QUESTION

█ First: *Did the defective condition in the street, consisting of a hole 10 inches square in which water and oil accumulated, constitute merely a trivial and minor defect in the street so that defendant city was not liable for injuries which might result?*

This question must be answered in the negative. Where, as in the instant case, different conclusions may reasonably be drawn regarding the dangerous character of a defect in a street, the determination of such question is a matter of fact to be decided by the trier of fact whose conclusion, supported by substantial evidence, will not be disturbed on appeal. (*Balkwill* v. *City of Stockton*, 50 Cal.App.2d 661, 667 [123 P.2d 596].) In the instant case it cannot be said as a matter of law that a hole 10 by 10 inches in a street is a trivial or minor defect. Therefore, the jury's determination supported as it is by substantial evidence that the hole in the street in the present case was not a minor or trivial defect is binding on this court.

The conclusion of the jury conforms to the holding in the following cases: In *Balkwill* v. *City of Stockton, supra,* the defect which was held not to be trivial or minor consisted of two holes a few inches apart, approximately 4 to 5 inches long,

2 inches wide, and from one-half to 2 inches in depth; in *Sheldon* v. *City of Los Angeles,* 55 Cal.App.2d 690 [131 P.2d 874], it was held that a depression in a sidewalk varying from one-third to 1½ inches, as illustrated in a picture reproduced on page 691 of the opinion, was neither a trivial nor minor defect; likewise in *Owen* v. *City of Los Angeles,* 82 Cal.App.2d 933 [187 P.2d 860], a hole in the pavement from 2 to 3⅓ inches deep, 4 to 6 inches wide, and 9 to 11 inches in length, was held to be neither a minor nor trivial defect as a matter of law. (See, also, *Ackers* v. *City of Los Angeles,* 40 Cal.App2d 50 [104 P.2d 399].)

*Nicholson* v. *City of Los Angeles,* 5 Cal.2d 361 [54 P.2d 725], and *Whiting* v. *City of National City,* 9 Cal.2d 163 [69 P.2d 990], are not applicable to the facts of the present case because such cases were reversed on the ground that the defendants had no actual notice of the defects and that constructive notice thereof would not be presumed from the mere fact that the defects had existed for short periods of time prior to the accidents. (*Balkwill* v. *City of Stockton, supra,* 669.)

Second: *Did defendant have notice (1) of the defective condition in the street, and (2) that such defect was of a dangerous character?*

This question must be answered in the affirmative and is governed by these rules:

■ 1. A municipality is liable for damages resulting from a defective condition existing in one of its streets in the absence of actual knowledge or notice of the dangerous condition where a presumption of constructive notice has been created from the existence of the dangerous condition for an unreasonable length of time. (*Sheldon* v. *City of Los Angeles, supra,* 693.)

■ 2. It is a question of fact for the trier of fact to determine under all the facts and circumstances in evidence whether the dangerous condition in the street has existed for sufficient length of time to constitute constructive notice and also whether a reasonable time to remedy the condition has elapsed. (*Cressey* v. *City of Los Angeles,* 10 Cal.App.2d 745, 747 [53 P.2d 172].)

■ 3. Evidence that other accidents have occurred at the same place is some evidence that the condition there existing is dangerous. (*Barker* v. *City of Los Angeles,* 57 Cal. App.2d 742, 747 [135 P.2d 573].)

■ Applying the foregoing rules to the facts of the instant case it is evident that, since the dangerous condition had existed for more than two months, the jury's finding of fact that defendant had constructive notice of the defect in the street is supported by substantial evidence. (*Sheldon* v. *City of Los Angeles, supra,* 693.) In addition, there was evidence that during the preceding two or three months other persons had slipped and fallen at the same place. Such evidence, under rule 3, *supra,* constituted substantial evidence to sustain the jury's implied finding that the defective condition of the street was a dangerous one. (*George* v. *City of Los Angeles,* 51 Cal.App.2d 311, 315 [124 P.2d 872].)

■ Third: *Was there substantial evidence that the grease and water which was on the sidewalk and on which plaintiff stepped came from the hole in the street?*

This question must be answered in the affirmative. A witness testified that shortly before 10 a. m. on the day of the accident an automobile passed over the hole in the street and splashed a portion of the fluid which was in the hole onto the sidewalk. In addition, plaintiff testified that the liquid upon which he stepped, slipped and fell was water, oil and grease. Such evidence clearly supported the implied finding of the jury that the cause of plaintiff's accident was his stepping upon a greasy fluid which had been splashed onto the sidewalk from the hole in defendant's street.

■ Fourth: *Did the trial court commit prejudicial error in instructing the jury as follows?*

"Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, actuated by those considerations which ordinarily regulate the conduct of human affairs. It is the failure to use ordinary care in the management of one's property or person.

". . . that the source of the greasy water or oil was immaterial as the question to be decided was 'whether or not any negligence on the part of the defendant contributed proximately in any degree to cause this accident' and that 'if the defendant in this action were guilty of negligence which contributed proximately to the happening of it they are liable even though someone else, who has not been sued, may have also contributed to it.'

". . . The burden is upon the plaintiff to prove by a preponderance of the evidence that a defendant was negligent

and that such negligence was a proximate cause of injury to the plaintiff.''

This question must be answered in the negative. Defendant's contention that the instruction set forth above was erroneous because in effect it instructed the jury that defendant municipality would be liable under the general doctrine of negligence may not be urged by it for the reason that the law is established that a party may not complain of error in an instruction given at the request of his adversary where an instruction requested by the party urging error contained the same vice. (*George* v. *City of Los Angeles, supra,* 319 et seq.)

In the present case, defendant asked and the court gave an instruction which in essence was substantially the same as the one to which it now objects. It read thus: ''It is a matter of common knowledge that no sidewalk is perfect, and that irregularities in the surface of sidewalks exist not only in the City of Los Angeles but in all cities. The City of Los Angeles is not required to keep its sidewalks in perfect condition or free from all irregularities in the surface thereof. The City of Los Angeles is only required to exercise ordinary care in maintaining its sidewalks in a reasonably safe condition for public travel for persons using such sidewalks with ordinary care for their own safety.''

■ In addition, though the giving of the instruction on general negligence constituted error (*Owen* v. *City of Los Angeles,* 82 Cal.App.2d 933, 942 [187 P.2d 860]), we are of the opinion that such error was not prejudicial to defendant in view of the fact that the jury was told that all instructions must be read together and that before defendant could be held liable the city must have had either actual or constructive notice of the defect which was the cause of the accident. Since the error was not prejudicial, it will be disregarded pursuant to the mandate of article VI, section 4½ of the Constitution of the State of California.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 30, 1949. Shenk, J., Edmonds, J., and Spence, J., voted for a hearing.