[L. A. No. 23913. In Bank. Feb. 14, 1956.]

MONTIE HAWK et al., Plaintiffs and Appellants, v. CITY OF NEWPORT BEACH, Defendant and Appellant.

Paul T. Erskine and W. J. Schall for Plaintiffs and Appellants.

Z. B. West, Belcher, Kearney & Fargo and Stevens Fargo for Defendant and Appellant.

SPENCE, J.—This action was brought against the defendant city by David Hawk, a minor, through his father, Montie Hawk, acting as guardian *ad litem*, and also by said Montie Hawk acting for himself, for damages for injuries to the minor, and for expenses incurred by the father by reason of such injuries. Judgment for plaintiffs was entered upon a jury verdict, and the trial court granted a new trial. Plaintiffs appeal from the order granting a new trial. Defendant appeals from the judgment and from the order denying its motion for judgment notwithstanding the verdict. The principal question argued on all three appeals is whether the evidence presented would justify the imposition of liability upon the defendant city under section 53051 of the Government Code, sometimes called the Public Liability Act.

Section 53051 of the Government Code provides: "A local agency is liable for injuries to persons and property resulting from the dangerous or defective condition of public property if the legislative body, board, or person authorized to remedy the condition: (a) Had knowledge or notice of the defective or dangerous condition. (b) For a reasonable time after acquiring knowledge or receiving notice, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

At the time of the accident and for many years prior thereto, the defendant city owned, maintained, and supervised a recreational beach area to which it invited the public. It also maintained signs indicating the location of a parking area in which visitors to the beach could park their cars. A fee was charged for parking, and the city participated in the revenue obtained from this parking area.

The injured plaintiff, David, a boy of 17 at the time of the injury, parked his car and went swimming at the city

beach. After spending some time on the main beach, he proceeded to a cove area separated from the main beach by a large "camel-back" rock, but in fairly close proximity to the main beach and connected with it by well-defined paths. On one side of the cove were located large rocks which project out of the water at varying heights to a point about 180 to 200 feet from the shore. David had not used the cove before, but on previous occasions he had observed people diving from the rocks. He testified that when he reached the cove he saw "all the kids over there swimming and diving," and he decided to try out his diving. In wading out to the rocks the water came only to his waist, and he could not see the bottom because of the murky water. David followed an older boy to the farthest rock and watched him dive into the water and swim away unharmed. David then climbed to the top of this rock, which stood about 8 feet above the level of the surrounding water, and dived into the water. He apparently struck the bottom and severely injured himself.

For many years, with knowledge on the part of the city, some of the patrons of the beach had used this rock as a diving platform. The captain of the lifeguards, an employee of the city with authority to take precautionary measures to protect the users of the beach, testified that he himself had used the rock for diving purposes during his teen-age years, and that his lifeguards reported to him about once a week that patrons of the beach were using the rock for diving purposes. He also knew that on two prior occasions persons had been injured by diving from this rock. He had instructed his roving lifeguard to warn anyone about to dive from the rocks. However, there were no lifeguards regularly posted at the cove, and the roving lifeguards were able to observe this area only at infrequent intervals.

Plaintiffs contend that the rock from which David dived was a "dangerous or defective condition" because by its characteristics, its location and its use, it had become a part of the defendant city's recreational facilities; that the city had knowledge that it was being used for diving and that such use was dangerous; and that it thereafter failed to provide any adequate warnings or safeguards, which action was "reasonably necessary to protect the public against the condition." (Gov. Code, § 53051.) Defendant contends that as a matter of law the rock and its surrounding area did not constitute a "dangerous or defective condition" because they were natural conditions unaltered by any act of the defendant

city; that the use of the rock as a diving platform had not been invited; that the rock was neither designed nor intended to be used as a diving platform; and that the rock was relatively inaccessible and could become dangerous to a person only through his voluntary act of using it for an obviously dangerous purpose, such as a diving platform.

Although a public agency is not an insurer and is not required to keep its property in such condition as to preclude the possibility of injury (*Whiting* v. *City of National City*, 9 Cal.2d 163, 166 [69 P.2d 990]; *Rodkey* v. *City of Escondido*, 8 Cal.2d 685, 689 [67 P.2d 1053]; *Electrical Products Corp.* v. *County of Tulare*, 116 Cal.App.2d 147, 153 [253 P.2d 111]), a natural condition may nevertheless constitute, under certain circumstances, a dangerous or defective condition so as to permit the imposition of liability. (See *Smith* v. *County of San Mateo*, 62 Cal.App.2d 122 [144 P.2d 33].) It is the fact that a condition involves an unreasonable risk of injury to the public that renders it a dangerous or defective condition within the meaning of the Public Liability Act (*Jones* v. *City of Los Angeles*, 104 Cal. App.2d 212, 215 [231 P.2d 167]), and each case must be determined upon its own peculiar facts. (*Arellano* v. *City of Burbank*, 13 Cal.2d 248, 255 [89 P.2d 113]; *George* v. *City of Los Angeles*, 11 Cal.2d 303, 309 [79 P.2d 723].)

In the present case we cannot say as a matter of law that the rock and its surrounding area did not constitute a dangerous condition. Therefore, that issue was properly submitted to the jury. With the exception of the instructions issued to the roving lifeguards, the city took no action, by way of the erection of signs or otherwise, to warn persons of the possible danger in diving from the rock. It seems clear that there may be situations in which a duty might be imposed upon a public agency to take such action, or other measures, to protect the public against the condition (*cf. Magnuson* v. *City of Stockton*, 116 Cal.App. 532 [3 P.2d 30]); and in the instant case reasonable men could differ on the question of what action might reasonably be necessary to protect the public under the circumstances. We therefore conclude that it was proper to submit to the jury the issues of whether a dangerous condition existed and, if so, whether the defendant fulfilled its duty to "take action reasonably necessary to protect the public against the condition."

We now turn to the question of contributory negli-

gence. The defendant city contends that David was guilty of contributory negligence as a matter of law, because he was fully aware of the physical conditions of the rock and its surrounding area; he was accustomed to swimming and diving; he was cognizant of the presence of the rock in the water and the height from which he intended to dive; and he did not know the depth of the water except that the greatest depth which he had encountered in wading out to the rock was approximately up to his waistline. We cannot agree. David was a minor who was using a supervised recreational area. He had never previously used this area but had seen other persons diving from this rock, and he followed another older boy to the rock and watched him dive into the water and swim away unharmed. ■ The issue of contributory negligence is ordinarily a question of fact for the jury. The barring of a plaintiff on the ground that he has been guilty of contributory negligence, as a matter of law, is justified only under unusual circumstances (*Anthony* v. *Hobbie,* 25 Cal.2d 814, 818 [155 P.2d 826]) ; and in dealing with minors a much more lenient rule is applied. (See *Ross* v. *San Francisco Unified School Dist.,* 120 Cal.App.2d 185 [260 P.2d 663], and cases cited therein; 107 A.L.R. 164 et seq.) ■ We find nothing in the evidence here which would justify the conclusion that the minor was guilty of contributory negligence as a matter of law; and we are of the opinion that the issue of contributory negligence was properly submitted to the jury for its determination.

■ The defense of assumption of risk as a matter of law is likewise unavailing. The elements of this defense are a person's voluntary acceptance of a risk and an appreciation of the magnitude of that risk. (*Prescott* v. *Ralphs Grocery Co.,* 42 Cal.2d 158, 161-162 [265 P.2d 904] ; *Hayes* v. *Richfield Oil Corp.,* 38 Cal.2d 375, 384-385 [240 P.2d 580].)

■ Even if David can be said to have realized that his dive was attended with some degree of danger, it cannot be said as a matter of law that he appreciated the magnitude of that danger. (*Cf. Andre* v. *Allynn,* 84 Cal.App.2d 347, 352-353 [190 P.2d 949].)

■ In view of our conclusion that all of the above-mentioned issues involved questions of fact to be determined by the jury upon the evidence presented, it follows that the trial court properly denied defendant's motion for a directed verdict and defendant's motion for judgment notwithstanding the verdict.

The last point to be considered concerns the propriety of the trial court's order granting defendant's motion for a new trial. In granting that motion, the trial court "particularly" relied on the ground of insufficiency of the evidence. In passing on a motion for new trial made upon that ground, a trial court weighs the evidence and the inferences to be drawn therefrom, and when the motion is granted its action will not be disturbed unless there has been an abuse of discretion; and it cannot be held that a trial court has abused its discretion where there is any evidence which would support a judgment in favor of the moving party. (*Estate of Green*, 25 Cal.2d 535, 542 [154 P.2d 692] ; *Hames* v. *Rust*, 14 Cal.2d 119, 124 [92 P.2d 1010].) In the instant case the evidence and the inferences to be drawn therefrom are such that reasonable men could differ in the determination of the several issues presented, and a judgment in favor of the defendant city would find ample support in the evidence. It therefore cannot be said that the trial court abused its discretion in granting defendant's motion for a new trial.

The order denying defendant's motion for judgment notwithstanding the verdict and the order granting a new trial are affirmed. Having affirmed the order granting a new trial, defendant's appeal from the judgment presents a moot question, and said appeal is therefore dismissed. The parties will bear their own costs on these appeals.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J., concurred.