205 Cal.App.2d 194 (1962)
DEAN WAYNE HOLDER, a Minor, etc., Plaintiff and Appellant,
v.
CITY OF SANTA ANA, Defendant and Respondent.
Civ. No. 6837. 
California Court of Appeals. Fourth Dist. 
June 27, 1962.
 M. A. Sturges for Plaintiff and Appellant.
 Jacobs, Jacobs, Nelson & Witmer, Paul B. Witmer, Jr., and Lyle Nelson for Defendant and Respondent.
 COUGHLIN, J.
 This is an appeal from a judgment of dismissal, entered after order sustaining a general demurrer to a third amended complaint without leave to amend.
 The plaintiff, appellant herein, at the time of the incident under consideration, was 6 years of age; climbed a tree in a park maintained by the defendant, the City of Santa Ana, the respondent herein; fell from the tree; was injured when he struck the side of an unfilled sandbox located beneath it; and, through his guardian ad litem, brought this action to recover damages, claiming a right thereto under the provisions of the Public Liability Act, i.e., Government Code section 53051. The issues presented for determination concern the sufficiency of the third amended complaint to state a cause of action. Three previous complaints had been filed; general demurrers thereto had been sustained; and orders granting permission *196 to file amended pleadings had been made. The instant complaint alleges that in the subject park the city maintained a live pepper tree, 15 feet in height, of a limb configuration and with branches low enough to the ground to permit and constitute an invitation to a 6-year-old child to climb the same; that the city "at all times" had knowledge of the foregoing facts and was aware that "small children did climb and play on and in the branches of said tree"; that the city caused a sandbox frame "to be constructed and maintained in a position directly adjacent to and partially extending under the limbs of said pepper tree"; that on September 13, 1958, this frame contained only a few inches of sand and as a result thereof the sides thereof extended about 8 inches above the surface; that on said date the plaintiff was playing in the branches of the pepper tree and "for reasons unknown to him," fell therefrom and onto the sandbox frame, as a result of which he sustained multiple fractures of the left arm and elbow. It also is alleged that the city knew that "small children are prone to fall from branches of trees," and that a fall by a child therefrom onto the bare ground or onto a sand pile would not result in serious injury; that the maintenance of the unfilled sandbox in question constituted a hazard which could have been remedied by filling the box with sand or removing it from underneath the tree; and that the city was guilty of negligence in that (1) it failed to maintain supervisory personnel at the park; (2) the playground was unfenced, which constituted an invitation to children to use its facilities and play in the subject pepper tree; (3) placement of the sandbox frame under the tree constituted a hazard or trap to any child who might fall upon it; (4) in failing to fill the sandbox there "resulted a dangerous and defective condition in said apparatus which could (and did) cause serious injuries to children of immature years"; and (5) the city should have removed the sandbox from under the tree.
 The city's liability in the premises, if any, is imposed by section 53051 of the Government Code [fn. 1]; is not based on common-law principles of negligence; and resulted only if the *197 condition of its property, as described in the complaint, was dangerous or defective within the meaning of the aforesaid Government Code section. (Seybert v. County of Imperial, 162 Cal.App.2d 209, 212 [327 P.2d 560]; Farrell v. City of Long Beach, 132 Cal.App.2d 818 [283 P.2d 296]; Schmidt v. City of Vallejo, 122 Cal.App. 5, 7 [10 P.2d 107].) Therefore, the only legal issue presented on appeal is whether the complaint in question states facts from which it may be concluded that the subject pepper tree and sandbox, under the circumstances alleged, constituted a dangerous or defective condition which proximately caused the injuries sustained by the plaintiff from his fall.
 [1] The property of a public agency is in a dangerous or defective condition, within the meaning of the Public Liability Act, when it involves an unreasonable risk of injury or hazard to the public. (Hawk v. City of Newport Beach, 46 Cal.2d 213, 217 [293 P.2d 48]; Torkelson v. City of Redlands, 198 Cal.App.2d 354, 358 [17 Cal.Rptr. 899]; Gallipo v. City of Long Beach, 146 Cal.App.2d 520, 527 [304 P.2d 106]; Jones v. City of Los Angeles, 104 Cal.App.2d 212, 215 [231 P.2d 167]; Castro v. Sutter Creek Union High School Dist., 25 Cal.App.2d 372, 377 [77 P.2d 509]; cf. Fackrell v. City of San Diego, 26 Cal.2d 196, 204 [157 P.2d 625, 158 A.L.R. 773].) [2] The degree of risk incident to "a given condition of property is determinative as to whether it is a dangerous or defective condition within the purview of the statute." (Jones v. City of Los Angeles, supra, 104 Cal.App.2d 212, 215.) A correlative issue is whether the condition of the property is such that injury to those coming in contact therewith reasonably may be anticipated. (Gallipo v. City of Long Beach, supra, 146 Cal.App.2d 520, 528; Jones v. City of Los Angeles, supra, 104 Cal.App.2d 212, 215.) [3] Thus a determination respecting the unreasonableness of the risk or hazard in a given case is related to the question whether injury reasonably may be anticipated from an ordinary use of the property under consideration.
 [4] Whether a dangerous or defective condition exists primarily is a question of fact (Aguirre v. City of Los Angeles, 46 Cal.2d 841, 844 [299 P.2d 862]; Fackrell v. City of San Diego, supra, 26 Cal.2d 196, 206; Torkelson v. City of Redlands, supra, 198 Cal.App.2d 354, 358; Bauman v. City & County of San Francisco, 42 Cal.App.2d 144, 153 [108 P.2d 989]), but may be decided as a matter of law if reasonable men acting under the law can draw but one conclusion from *198 established facts. (Gray v. Brinkerhoff, 41 Cal.2d 180, 183 [258 P.2d 834].)
 In the case at bar a primary issue for determination is whether the existence of an unfilled sandbox beneath a tree in which children are known to climb, and from which it is known they are prone to fall, involves an unreasonable risk of injury or hazard. Under the facts as related in the instant complaint, neither the tree nor the sandbox was in a defective condition. Neither of them was the cause of plaintiff's fall. [5] On the other hand, a dangerous condition "can be created by the use or general plan of operation of government operated property, as well as by a structural defect." (Bauman v. City & County of San Francisco, supra, 42 Cal.App.2d 144, 153; In accord: Hawk v. City of Newport Beach, supra, 46 Cal.2d 213, 216-217; Collenburg v. County of Los Angeles, 150 Cal.App.2d 795, 799 [310 P.2d 989]; Gallipo v. City of Long Beach, supra, 146 Cal.App.2d 520, 528; Irvin v. Padelford, 127 Cal.App.2d 135, 140 [273 P.2d 539]; Plaza v. City of San Mateo, 123 Cal.App.2d 103, 107-108 [266 P.2d 523]; Wexler v. City of Los Angeles, 110 Cal.App.2d 740, 745 [243 P.2d 868]; Harper v. Vallejo Housing Authority, 104 Cal.App.2d 621, 623-624 [232 P.2d 262]; Dawson v. Tulare Union High School, 98 Cal.App. 138, 141-142 [276 P. 424].) Relying on this rule, the plaintiff claims that the presence of the unfilled sandbox beneath the tree created a dangerous condition which was the cause of the injury received from his fall. [6] In this regard it is pertinent to note that the actual use made of the property of a public agency, with the latter's knowledge, which has become established, as distinguished from casual, is within the sphere of the anticipated use of that property which must be considered in determining whether its condition involves an unreasonable risk of danger or hazard. (Hawk v. City of Newport Beach, supra, 46 Cal.2d 213, 216--rock in recreational beach area adjacent to shallow water used as diving platform; Gibson v. County of Mendocino, 16 Cal.2d 80, 84 [105 P.2d 105]--courthouse passageway used as shortcut between streets; Torkelson v. City of Redlands, supra, 198 Cal.App.2d 354, 360--storm drain used as playground; Zeigler v. Santa Cruz City High School Dist., 168 Cal.App.2d 277, 281 [335 P.2d 709]; Gallipo v. City of Long Beach, supra, 146 Cal.App.2d 520, 528--pipeline adjoining bridge used as walkway; Bauman v. City & County of San Francisco, supra, 42 Cal.App.2d 144, 153; Castro v. Sutter Creek Union High School Dist., supra, 25 Cal.App.2d 372, *199 377--parkway used for crossing from sidewalk to street.) [7] The complaint herein alleges that the pepper tree in question, with knowledge of the city, ordinarily was used by small children as a subject for their climbing activities which, under the general rule applied in testing the sufficiency of a complaint as against a general demurrer, [fn. 2] must be accepted as true. As a consequence, in view of the facts as alleged, the pepper tree must be considered in the same category as a piece of playground apparatus provided for the same use. Under these circumstances, it may not be stated as a matter of law that the condition created by the maintenance of the unfilled sandbox, beneath the tree used as a climbing apparatus, did not involve an unreasonable risk of injury or hazard.
 Although each case under the Public Liability Act depends on its own state of facts and no hard and fast rule can be applied (Hawk v. City of Newport Beach, supra, 46 Cal.2d 213, 217; Arellano v. City of Burbank, 13 Cal.2d 248, 254 [89 P.2d 113]), the following precedents dictate the conclusion that the issue presented by the complaint at bar, respecting the allegedly defective or dangerous condition therein relied upon, is one of fact: Hawk v. City of Newport Beach, supra, 46 Cal.2d 213--order denying city's motion for judgment notwithstanding the verdict affirmed where the injury arose from diving off of a rock in a recreational beach area into shallow water; Gallipo v. City of Long Beach, supra, 146 Cal.App.2d 520--judgment of nonsuit reversed where injury arose out of use of pipeline adjacent to bridge as a walkway; Irvin v. Padelford, supra, 127 Cal.App.2d 135, 140--recovery affirmed where alleged dangerous condition arose from failure of city to maintain a stop sign on an intersecting street crossing a through highway; Plaza v. City of San Mateo, supra, 123 Cal.App.2d 103--reversing judgment of dismissal after order sustaining general demurrer where plaintiff was injured when struck by a golf ball while in a parking lot adjoining a municipal golf course; Wexler v. City of Los Angeles, supra, 110 Cal.App.2d 740--recovery affirmed where the dangerous condition resulted from the formation of a small pool of water at the end of a storm drain on a sandy public beach in which *200 a child was drowned; Harper v. Vallejo Housing Authority, supra, 104 Cal.App.2d 621, 623- 624--recovery affirmed where the alleged dangerous condition resulted from allowing motor vehicles to park in a recreational area; Bauman v. City & County of San Francisco, supra, 42 Cal.App.2d 144--recovery permitted where the alleged dangerous condition arose from maintaining a baseball diamond in close proximity to a sandbox in a public playground; Castro v. Sutter Creek Union High School Dist., supra, 25 Cal.App.2d 372--motion for judgment notwithstanding the verdict in favor of defendant reversed where the dangerous condition consisted of holes in a parkway intended as a lawn plot separating the sidewalk from the street; Bridge v. Board of Education, 2 Cal.App.2d 398, 402 [38 P.2d 199]--recovery affirmed where student was injured from fall over concrete sprinkler boxes projecting above the immediate surface of the ground while playing on school premises; Dawson v. Tulare Union High School, supra, 98 Cal.App. 138, 140-142--judgment of nonsuit reversed where the plaintiff was injured while in a school gymnasium when a piano, maintained on a dolly to facilitate its moving, fell from the dolly and against her because of the vibration caused by a jumping game in which she was engaged; and Huff v. Compton City Grammar School Dist., 92 Cal.App. 44 [267 P. 918]--recovery affirmed where the dangerous condition was an unguarded incinerator in a school yard.
 By this opinion we do not purport to foreclose recognition of the existence of other issues of fact which may arise upon answer filed, viz., whether the plaintiff was contributorily negligent and whether he would have been injured even though the sandbox had not been under the tree. Nor do we purport to give judicial recognition to the verity of the facts alleged in the complaint, which we are required to accept as true under the rule governing the consideration of a general demurrer. It is not contended, and we do not hold, that the mere existence of climbing equipment, or the subject pepper tree as its counterpart, constituted a dangerous or defective condition within the meaning of the statute.
 The defendant relies upon the decisions in Seybert v. County of Imperial, supra, 162 Cal.App.2d 209, 213, and Schmidt v. City of Vallejo, supra, 122 Cal.App. 5 (see also Belcher v. City & County of San Francisco, 69 Cal.App.2d 457 [158 P.2d 996]), which hold, in substance, that a public agency has no duty to provide safety measures for the protection of persons who might use its property, the condition of which, by design *201 or maintenance, is not dangerous or defective. To apply this rule to the instant case begs the question, for the issue to be determined on this appeal is whether the positive act of the city in maintaining the unfilled sandbox beneath the pepper tree, under the circumstances set forth in the complaint, may be found to constitute a dangerous condition. We conclude that the question whether the condition alleged in the complaint constitutes a dangerous condition is one of fact for determination by the trial court.
 The judgment is reversed.
 Shepard, Acting P. J., and Stone, J., [fn. *] concurred.
 "(a) Had knowledge or notice of the defective or dangerous condition."
 "(b) For a reasonable time after acquiring knowledge or receiving notice, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."
NOTES
[fn. 1] 1. Government Code, section 53051: "A local agency is liable for injuries to persons and property resulting from the dangerous or defective condition of public property if the legislative body, board, or person authorized to remedy the condition:
[fn. 2] 2. A general demurrer to a complaint admits the truth of all of the allegations therein, even though they may be improbable. (Tiedje v. Aluminum Taper Milling Co., 46 Cal.2d 450, 454 [296 P.2d 554]; Lee v. Hensley, 103 Cal.App.2d 697, 704 [230 P.2d 159]; Allen v. City of Los Angeles, 43 Cal.App.2d 65, 68 [110 P.2d 75].)
[fn. *] *. Assigned by Chairman of Judicial Council.