[Civ. No. 4666.  Third Appellate District.—January 16, 1933.]

MARY BARRETT et al., Respondents, v. CITY OF SACRAMENTO (a Municipal Corporation), Appellant.

Hugh B. Bradford, Joseph L. Knowles and Irving D. Gibson for Appellant.

Clifford A. Russell and George E. McCutchen for Respondents.

PULLEN, P. J.—This is an appeal by the City of Sacramento from a judgment against it for $4,000 in favor of plaintiff Mary Barrett, awarded by a jury as damages for personal injuries sustained by her in a fall upon a sidewalk within its boundaries.

The question is based upon the Act of 1923, subdivision 2 (Stats. 1923, p. 675), which provides:

"Counties, municipalities and school districts shall be liable for injuries to persons and property resulting from the dangerous or defective condition of public streets, highways, buildings, grounds, works and property in all cases where the governing or managing board of such county, municipality, school district, or other board, officer or person having authority to remedy such condition, had knowledge or notice of the defective or dangerous condition of any such street, railway, building, grounds, works or property and failed or neglected, for a reasonable time after acquiring such knowledge or receiving such notice, to remedy such condition or failed and neglected for a reasonable time after acquiring such knowledge or receiving such notice to take such action as may be reasonably necessary to protect the public against such dangerous or defective condition."

The evidence before the jury showed the defect complained of was a broken area in a cement sidewalk near the center thereof, irregular in outline, approximately twelve inches across and about three-eighths of an inch deep, and that the sidewalk had existed in that condition for over five years, during which time city employees had, on various occasions, been working in that vicinity.

Appellant attacks the judgment from various angles, but the greater emphasis is laid upon the contention that the break was "a mere trifling irregularity in the surface of the sidewalk" and not therefore such a dangerous or defective condition as comes within the purview of the statute and

that damages from an irregularity so slight could not reasonably be anticipated by the city, and hence its existence showed neither an unsafe condition within the meaning of the statute, would not constitute notice of an unsafe condition, nor a want of ordinary care because of its existence.

The grounds for reversal advanced by counsel are very similar to those urged by him in the recent case of *Hook* v. *City of Sacramento*, 118 Cal. App. 547 [5 Pac. (2d) 643], in which case Mr. Presiding Justice Preston in a learned and well-considered opinion held that the public is entitled to protection against small defects as well as large ones, and that it was a question of fact for the jury whether such depression constituted a dangerous or defective condition.

We will not here set out the many authorities cited and considered in the case of *Hook* v. *City of Sacramento, supra,* but content ourselves by saying that we consider that case controlling on the issues here urged.

In *Dawson* v. *Tulare Union High School Dist.* 98 Cal. App. 138 [276 Pac. 424, 426], this court said:

"The statute does not provide that actual notice is a prerequisite to recovery in such a case. The long-continued existence of a defective condition may establish constructive notice thereof. (Citing cases.) It may be inferred from the circumstances in evidence that the principal had constructive notice of the defective condition and he certainly had 'authority to remedy such condition'. To hold that actual notice is required in such a case would be to place a premium on indifference and neglect of duty. 'Neglect of duty cannot be made the basis of exemption from liability.' " (Citing cases.)

Appellant also raises the issue of contributory negli-. gence, but that is a question for the jury to determine whether or not plaintiff Mary Barrett exercised ordinary prudence in the use of the sidewalk.

We do not believe that a further discussion of the case would be of value inasmuch as the various contentions of appellant have all been determined adversely to it in the case of *Hook* v. *City of Sacramento, supra,* that case differing with the instant case in degree rather than in principle.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 15, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1933.

Seawell, J., Shenk, J., and Preston, J., dissented.