[Civ. No. 1835. Fourth Appellate District.—July 15, 1937.]

GEORGE A. HOWARD, a Minor, etc., et al., Respondents, v. THE CITY OF FRESNO (a Municipal Corporation), Appellant.

42

Claude L. Rowe, City Attorney, W. M. Conley, Philip Conley, Matthew Conley and Conley, Conley & Conley for Appellant.

Ray W. Hays and William M. Miles for Respondents.

MARKS, J.—This is an appeal from a judgment in favor of George A. Howard, a minor, in the sum of $1250, Edith Howard, a minor, for nothing, and George Howard, their father, in the sum of $286.09, against the City of Fresno, a municipal corporation organized and existing under a freeholders' charter. The action was brought under section two of an act approved June 13, 1923 (Stats. 1923, p. 675), which we will call the Public Liability Act.

At the time of his injury on October 6, 1935, George A. Howard was of the age of ten years. On that day he went with his mother, two adult friends and several children, to Roeding Park, a public park in the City of Fresno, which was in very general use by the inhabitants of that city. The party had lunch in the early afternoon and the children amused themselves in the children's playground, a portion of the park set aside for the entertainment of children. After amusing themselves in a wading pool and on various mechanical contrivances the children separated. George climbed a tree, and at least some of the other children went over to an ash pile in the neighborhood. These other children re-

turned and one of them, Donald, told George that he had put his foot in the ash pile ''and 'Ouch, ouch', it hurt him''. Another of the children, Edith told George that she put her feet in the ashes and it hurt her too. George and Donald ran over to the ash pile and on a dare from Donald, George ran up onto it. There were hot coals under the ashes and his feet were burned.

Roeding Park has an area of about 120 acres. On October 6, 1935, a large part of it was planted to trees and lawns. The children's playground was located some distance west of the east park boundary. About three hundred feet south of the children's playground there was a trash-burning area on which was burned the park grass and tree trimmings and other refuse. The refuse from the burnings had accumulated into a pile between sixty and seventy feet long, thirty and forty feet wide, and about six feet high. Ashes covered the surface of the pile under which were live coals. Numerous trees were planted between the children's playground and the trash-burning area.

Section two of the Public Liability Act was thus quoted from and discussed in *Pittam* v. *City of Riverside,* 128 Cal. App. 57 [16 Pac. (2d) 768] :

''Under this section of the act municipalities are made liable for injuries to property resulting from the dangerous or defective condition of public 'grounds, works and property in all cases where the governing or managing board . . . or person having authority to remedy such condition, had knowledge or notice of the defective or dangerous condition of any such . . . grounds, works or property and failed or neglected, for a reasonable time after acquiring such knowledge or receiving such notice, to remedy such condition or failed and neglected for a reasonable time after acquiring such knowledge or receiving such notice to take such action as may be reasonably necessary to protect the public against such dangerous or defective condition'. . . .

''Under the provision of that portion of section 2 of the act, which we have quoted, the following conditions must exist to support the judgment of the court below: (1) The injuries to respondent through the destruction of his personal property must have resulted from a dangerous or defective condition of the dumping ground; (2) the city council of

the City of Riverside, or some officer or person having authority to remedy such condition, must have had notice or knowledge thereof; (3) it, or he, must have failed or neglected to remedy such dangerous or defective condition within a reasonable time after acquiring such knowledge or receiving such notice; or, (4) must have failed to take such action as might be reasonably necessary to protect the public against such dangerous or defective condition within a reasonable time after such knowledge or notice."

It is evident that the instant case must turn on the sufficiency of notice to the responsible authorities of the City of Fresno of the dangerous condition of the trash-burning area which had been maintained in its then location and condition for about six years. Respondents urge that the considerable period of maintenance of the trash-burning area was sufficient to establish constructive notice of its dangerous condition. In support of this rule they cite the cases of *Huff* v. *Compton City Grammar School Dist.*, 92 Cal. App. 44 [267 Pac. 918]; *Magnuson* v. *City of Stockton*, 116 Cal. App. 532 [3 Pac. (2d) 30]; *Bridge* v. *Board of Education*, 2 Cal. App. (2d) 398 [38 Pac. (2d) 199]; *Shea* v. *City of San Bernardino*, (Cal. App.) 52 Pac. (2d) 595 (hearing granted). See, *Shea* v. *San Bernardino*, 7 Cal. (2d) 688 [62 Pac. (2d) 365]; *Bennett* v. *Kings County*, 124 Cal. App. 147 [12 Pac. (2d) 47]; *Wise* v. *City of Los Angeles*, 9 Cal. App. (2d) 364 [49 Pac. (2d) 1122, 50 Pac. (2d) 1079]; *Christy* v. *City of Alhambra*, 9 Cal. App. (2d) 499 [50 Pac. (2d) 454]; *Cressey* v. *City of Los Angeles*, 10 Cal. App. (2d) 745 [53 Pac. (2d) 172]. Without analyzing these cases it is sufficient to say that some of them support the position of respondents.

Three recent decisions of the Supreme Court seem to be controlling here. (*Nicholson* v. *City of Los Angeles*, 5 Cal. (2d) 361 [54 Pac. (2d) 725]; *Rodkey* v. *City of Escondido*, 8 Cal. (2d) 685, 686 [67 Pac. (2d) 1053]; *Whiting* v. *City of National City*, 9 Cal. (2d) 163 [69 Pac. (2d) 990]. See, also, *Beeson* v. *City of Los Angeles*, 115 Cal. App. 122 [300 Pac. 993].) These cases establish the following: That a municipality is not an insurer against accidents on its streets or property; that it is required to guard against dangerous or defective conditions of which its responsible representatives have actual or constructive notice; that it is not sufficient

that the municipal representatives have notice of the condition but that they also must have notice "of the dangerous character of such condition" (*Whiting* v. *City of National City, supra*) ; that the question of the dangerous character of a defective condition depends largely on the intended lawful use of the property. (*Rodkey* v. *City of Escondido, supra; Beeson* v. *City of Los Angeles, supra.*)

The only evidence of notice in this case is the fact that the burning area had been maintained by the city in its present location for about six years. There is no evidence that any person, other than the children involved here, had been injured or burned at the burning area. It is protected on the west and north by trees. To the east of it are houses and buildings privately used in connection with the operation of the park. To the south is an administration building and what would seem to be vacant property. The burning area seems to be well isolated. That it was not intended as a playground for children or others is evident. A convenient children's playground was provided elsewhere. The burning area was safe for the purpose for which it was intended, —the burning of trash by park employees. Its use as a playground by children was not reasonably to be anticipated under the evidence.

Under these facts we cannot conclude that the responsible city officers had any notice of the dangerous condition of the city property as they had no notice or knowledge that this secluded area had been or would be used as a playground for children and the condition of the burning area only became dangerous when it was put to that unauthorized and not contemplated and not to be reasonably anticipated use.

Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 13, 1937.