[Civ. No. 12571. Second Appellate District, Division Two.—July 9, 1940.]

DINA J. ACKERS, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

J. F. Rosen and H. Wolpin for Appellant.

Ray L. Chesebro, City Attorney, Frederick Von Schrader, Assistant City Attorney, and Robert A. McMillan and Bourke Jones, Deputies City Attorney, for Respondent.

WOOD, Acting P. J.—Plaintiff seeks by this action to recover a judgment against the City of Los Angeles for injuries which she suffered when she fell upon a defective sidewalk. The demurrer of defendant city to the second amended complaint was sustained without leave to amend and the appeal is taken from the resulting judgment.

The question presented for determination is whether paragraph IV of the second amended complaint sets forth facts sufficient to attach liability to the city. The allegations in this paragraph are as follows: "That for a long time prior to the 26th day of November, 1938, a portion of the sidewalk in front of the Canyon Drive Super Station located on the westerly side of Canyon Drive near its intersection with Hollywood Boulevard was insufficient and defective and in need of repairs in this: That the concrete upon said sidewalk was old, decayed and broken with holes and openings in and through the same, and on the 26th day of November, 1938 and for a long time prior thereto there was a dangerous depression in said concrete which was about 12 inches long, about 3 inches wide and about 2 inches deep; that no barrier or guard had been or was placed around said hole and by reason of the aforesaid condition of the sidewalk it was unsafe and dangerous to walk upon; that said condition had existed for a period of over one year prior to the 26th day of November, 1938, and during that time said hole had been by the defendants carelessly and negligently and with knowledge thereof permitted and suffered to be and remain in that condition. A photograph of which defective portion of sidewalk is hereto attached, marked 'Exhibit A', and made a part hereof."

Plaintiff's action is predicated upon the Public Liability Act of 1923, which provides that cities shall be liable for injuries to persons resulting from the dangerous or defective condition of public streets and highways in all cases in which the governing board or persons in authority had knowledge or notice of the defective or dangerous condition and failed or neglected for a reasonable time after acquiring such knowl-

edge or notice to remedy such condition. Many decisions have been rendered by the reviewing courts of California in actions predicated upon this act. From these decisions it is established that no hard and fast rule can be laid down in such cases as to the character or extent of the defect in the sidewalk or street but each case must stand upon its own particular facts; that as a general rule it is a question for the jury to determine whether a defect in the sidewalk or street is of such a nature as to render the city liable. (*Sandstoe* v. *Atchison, T. & S. F. Ry. Co. and the City of Pasadena*, 28 Cal. App. (2d) 215 [82 Pac. (2d) 216]; *Rafferty* v. *City of Marysville*, 207 Cal. 657 [280 Pac. 118]; *Hook* v. *City of Sacramento*, 118 Cal. App. 547 [5 Pac. (2d) 643]; *Norton* v. *City of Pomona*, 5 Cal. (2d) 54 [53 Pac. (2d) 952]; *Barrett* v. *Southern Pac. Co.*, 207 Cal. 154 [277 Pac. 481]; *Gerberich* v. *Southern Cal. Edison Co.*, 5 Cal. (2d) 46 [53 Pac. (2d) 948].)

In *Barrett* v. *City of Sacramento*, 128 Cal. App. 708 [18 Pac. (2d) 356], where a judgment in favor of plaintiff was affirmed, the reviewing court states the facts as follows: ''The evidence before the jury showed the defect complained of was a broken area in a cement sidewalk near the center thereof, irregular in outline, approximately twelve inches across and about three-eighths of an inch deep, and that the sidewalk had existed in that condition for over five years, during which time city employees had, on various occasions been working in that vicinity.'' In the complaint in the case now before us it is alleged that the depression in the sidewalk was ''about 12 inches long, about 3 inches wide and about 2 inches deep''. It is manifest that this defective condition is more serious than the condition mentioned in the Barrett case where the length of the depression was 12 inches and the depth only ⅜ of an inch. The opinion in the Barrett case does not contain a lengthy discussion of the law but refers to the discussion contained in *Hook* v. *City of Sacramento, supra*, where the court sustained a judgment in favor of the plaintiff against the defendant city in an action in which the depression on the apron of a sidewalk was ''about 18 inches or 2 feet long and as wide as her foot and 1 inch to 1½ inches in depth''. The depression in the sidewalk in the pres-

ent case was, according to the allegations of the complaint, deeper than the depressions in the Hook and Barrett cases. It cannot be held as a matter of law that the defective condition of the sidewalk was of such a minor nature that the issue could not be submitted to a jury. The question of notice need not be considered since it is alleged that the city had notice of this defective condition for over three months prior to the accident.

 Defendant contends that a city is not liable for the defective condition of its sidewalks, basing its argument upon the fact that by section 39 of the Improvement Act of 1911 municipalities were exempted from liability to persons using a "street or public highway or sidewalk . . . ". It is pointed out that the Public Liability Act of 1923 makes cities liable for the "defective condition of public streets, highways, buildings, grounds, works and property . . . " without specifically mentioning sidewalks. We need not give serious consideration to defendant's contention nor the plaintiff's argument that the Act of 1923 repealed section 39 of the Act of 1911 and that the term streets includes sidewalks (19 Cal. Jur. 16), for the reason that cities have been held liable for the defective condition of sidewalks in so many cases since the enactment of the Act of 1923 that it must be considered as settled law in California that the Public Liability Act of 1923 includes injuries resulting from the defective condition of sidewalks. In the Hook and Barrett cases, *supra,* judgments were upheld against the cities for injuries resulting from defective sidewalks. In *Whiting* v. *National City,* 9 Cal. (2d) 163 [69 Pac. (2d) 990], although the point now presented was not directly considered, the court in its opinion stated: "There is here present no element of conspicuousness or notoriety showing any dangerous character in the slight rise of a portion of a sidewalk, which would put the city authorities upon inquiry or place upon them the duty of remedying the defect or condition pursuant to the provisions of the statute." Counsel for defendant argues that this point has not been passed upon by any reviewing court notwithstanding he has raised the point in briefs which he filed in *White-Satra* v. *City of Los Angeles,* 14 Cal. App. (2d) 688 [58 Pac. (2d) 993], and in *Whiting* v. *National City, supra.* Appar-

ently in those cases the reviewing courts did not consider the point of sufficient merit to call for discussion.

The judgment is reversed.

McComb, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 4, 1940.