[Civ. No. 2489. Fourth Appellate District.—January 30, 1941.]

ELEANOR M. SEBERN, Respondent, v. CITY OF RIVERSIDE (a Municipal Corporation), Appellant.

Eugene Best, City Attorney, for Appellant.

Thos. L. Clay for Respondent.

BARNARD, P. J.—In this action for personal injuries the plaintiff recovered a judgment for $482, and the defendant has appealed.

The accident happened at the intersection of Magnolia Avenue and Fairfax Avenue in the defendant city. Magnolia Avenue runs north and south and Fairfax Avenue east and west. On the occasion in question the respondent, while proceeding north on the easterly sidewalk of Magnolia Avenue, walked across Fairfax Avenue at the crosswalk and caught the heel of her shoe on the metal flange of a drain pipe which protruded through the pavement, within the crosswalk and near the north curb of Fairfax Avenue. A fall resulted, which caused the injuries in question.

This drain pipe extended north and south across Fairfax Avenue along what may be called the easterly line of the crosswalk. The pipe was about thirteen inches in diameter and about one-third of it was within this crosswalk or within the extended easterly line of the concrete sidewalk paralleling Magnolia Avenue. The northerly end of the pipe was about a foot south of the northerly curb of Fairfax Avenue and the top of the pipe was about level with the curb, leaving a gutter between the two which was about eight inches deep. Most of the pipe was under the pavement but at its northerly end an edge or flange protruded about half an inch through the paving material. This, of course, was at the edge of the gutter.

The appellant first contends that the court's finding to the effect that the end of this pipe constituted a dangerous

condition which was hazardous to pedestrians is not supported by the evidence. In addition to the oral testimony as to the situation at this place and what occurred on this occasion, a plan prepared by the city engineer, showing the construction of this drain pipe in connection with the surrounding street, curb and sidewalk, was introduced in evidence, together with a number of photographs showing the conditions at that point. These photographs alone amply justify the inference that the north end of this drain pipe and its flange constituted an extremely dangerous hazard for pedestrians. Moreover, the pictures rather clearly indicate that while this danger was obvious from certain viewpoints it would be almost entirely concealed from the view of one approaching from the south, which is what the respondent was doing. Coming from that direction the general situation would be much less visible, and the thin layer of paving material on the north end of the pipe, being of the same color as the rest of the street, would naturally make the protruding flange less visible. The evidence supports the court's finding in this regard.

The only other point raised is that a finding to the effect that the appellant had knowledge of this dangerous condition is unsupported. There is evidence that this condition had existed for a number of years. The photographs in evidence disclose such a conspicuously dangerous situation that the court would be justified in finding that the city had constructive notice under the rules discussed in *Nicholson* v. *Los Angeles,* 5 Cal. (2d) 361 [54 Pac. (2d) 725]. Moreover, the evidence justifies the inference that this dangerous condition was the result of defective design or construction, of which the city must be held to have had actual notice. (*Durante* v. *City of Oakland,* 19 Cal. App. (2d) 543 [65 Pac. (2d) 1326]; *Rafferty* v. *City of Marysville,* 207 Cal. 657 [280 Pac. 118].)

For the reasons given the judgment is affirmed.

Marks, J., and Griffin, J., concurred.