[Civ. No. 14992. Second Dist., Div. One. Apr. 26, 1946.]

MRS. AGNES JONES, Appellant, v. CITY OF LOS ANGELES, Respondent.

J. E. Simpson and J. Q. Gilchrist for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, and Leonard Husar, Deputy City Attorney, for Respondent.

DORAN, J.—This is an action for damages for injuries sustained by plaintiff as the result of an accident caused by a defective sidewalk. A jury trial resulted in a verdict for defendant and from the judgment that followed, plaintiff appeals.

█ The appeal presents but one question. Appellant submits that, "Plaintiff relies upon the refusal of the court to instruct the jury, in any manner, upon the doctrine of constructive notice, as grounds for reversal of the judgment."

The record reveals that plaintiff, while walking "on a public sidewalk along the south side of West 28th Street between Hope Street and Grand Avenue, in the City of Los Angeles," stepped into a hole and broke her ankle. There was evidence that the hole measured 17 by 24 inches; various estimates of the depth ranged from one and three quarters inches to four inches. There was also evidence that it had existed about three years. Photographs of the alleged defective condition were in evidence.

It is argued by respondent that, "The defect complained of was of a minor nature as regards the application of the rule of constructive notice. There was a complete absence of proof as to the method or period of inspection, the character of the use made of the walks in the neighborhood, neglect by the City of its duty of inspection, and of any prior event or knowledge of facts which would have put the City on inquiry as to the existence of the hole in the sidewalk, or of its dangerous character. No attempt was made to charge the City with actual notice. . . . There was no testimony relative to performance, or nonperformance by the City of its duty of reasonable supervision and inspection of the streets of the City as a whole, or of the neighborhood in which the defect existed, or that if such duty had been properly performed the City would have had actual knowledge of the defect. There was a complete absence of proof as to the method or period or reasonableness, or lack thereof, of inspection of the neighborhood in which the defect existed. It is not enough to show simply the existence of the defect and its size and location upon the sidewalk and the time for which it had existed." It is further contended by respondent that, "The question involved in the case at bar is clearly governed by the law as determined by the Supreme Court in *Nicholson* v. *City of Los Angeles,* 5 Cal.2d 361 [54 P.2d 725]." The last mentioned case does not uphold respondent's contention. Indeed, the court

there affirms the rule that "the existence of a conspicuous defect or dangerous condition of a street or sidewalk for a considerable . . . time will create a presumption of constructive notice." Other decisions cited by respondent are of little help ; the facts, in the final analysis, govern.

As was declared by the court in *Lorraine* v. *City of Los Angeles,* 55 Cal.App.2d 27 [130 P.2d 140], "With respect to appellants' lack of knowledge or notice of the dangerous character of the defect in the sidewalk, there was evidence that the hole was large enough to be conspicuous—large enough for a man to put his entire shoe inside it, and also that such defective condition had existed for a month or six weeks prior to the date of Mrs. Lorraine's fall. It is well settled that constructive notice can be shown by the long continued existence of the dangerous or defective condition, and it is a question of fact for the jury to determine whether the condition complained of has existed for a sufficient time to give the public agency constructive notice."

There can be no question that the evidence was sufficient to entitle plaintiff to present the issue to the jury and the refusal to instruct accordingly, as requested, was error.

The judgment therefore is reversed.

York, P. J., and White, J., concurred.