[Civ. No. 19455. Second Dist., Div. Two. July 7, 1953.]

MINNIE MAE CHEYNEY, Appellant, v. CITY OF LOS ANGELES, Respondent.

Claude L. Welch for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney and William Marshall Morgan, Deputy City Attorney, for Respondent.

McCOMB, J.—From an order granting defendant's motion for a nonsuit in an action to recover damages for personal injuries, plaintiff appeals.

Viewing the evidence in the light most favorable to plaintiff (appellant), the essential facts are these:

On September 3, 1950, plaintiff in company with her husband and several other persons went for an automobile ride. At about 11:30 p.m. they stopped in a parking lot at a beach which was under the supervision of defendant city. At the time there was no one on the beach, it was dark and there were no lights or fires.

Near the place where they stopped was a stairway leading from the parking lot to the sand. The stairway had 23 steps with a handrail extending to the last few steps. The last step was 29 inches from the sand according to measurements made September 5, 1950.

Plaintiff, after standing a few minutes in the parking lot decided to go onto the sand. She walked down the stairway in a normal fashion holding onto the handrail until she reached the last few steps. She then moved to the center of the stairway and proceeded more slowly, taking one step at a time. During all this time she had looked at the steps ahead of her though they appeared dim and shadowy, darker at the bottom than at the top. There was no artificial light shining upon them. At the last step plaintiff could see "just darkness." She took another step, fell into the sand and was injured.

Plaintiff was aware that the action of the waves and tides were at this time eroding the beaches along the coast of Southern California.

The supervisor of this beach area had an office some 700 to 800 feet north of this stairway and could see the stairway from his office. It was his duty to watch all portions of the beach to protect the safety of recreation seekers and to inspect

and keep in repair this stairway. He had no knowledge that the sand level was at any time below the level of the bottom step of the stairway. The waves and tides had varied the sand level as much as 5 feet from time to time and such change could take place within 24 hours.

· The trial court granted defendant's motion for a nonsuit on two grounds: (1) that as a matter of law plaintiff had not proved facts sufficient for the jury to find defendant had notice or knowledge of an alleged dangerous or defective condition and (2) that as a matter of law plaintiff was guilty of contributory negligence.

 *Questions: First: Did the trial court err in finding that there was no substantial evidence from which the jury could have inferred that defendant had notice or knowledge of the alleged dangerous and defective condition of the stairway?*

*No.* There is no evidence that the city had actual knowledge of the alleged dangerous or defective condition. Therefore any notice it had must have been constructive. Section 53051 of the Government Code reads in part as follows: "A local agency is liable for injuries to persons and property resulting from the dangerous or defective condition of public property if the legislative body, board, or person authorized to remedy the condition: (a) Had knowledge or notice of the defective or dangerous condition." The uncontradicted evidence here shows that defendant did not have knowledge of the alleged defective condition.

 It is settled that before a defendant municipality may be charged with constructive notice it must have existed for a sufficient length of time and be sufficiently conspicuous or notorious to give rise to the inference that defendant has knowledge thereof. (*Nicholson* v. *City of Los Angeles,* 5 Cal.2d 361, 364 [3] [54 P.2d 725]; *Howard* v. *City of Fresno,* 22 Cal.App.2d 41, 44 [1] [70 P.2d 502].)

 In the instant case there is no evidence that the alleged defective condition was either conspicuous or notorious or as to how long it had existed.

*Maddern* v. *City & County of San Francisco,* 74 Cal.App. 2d 742 [169 P.2d 425], *Baker* v. *Board of Trustees,* 133 Cal. App. 243 [23 P.2d 1071], and *Fackrell* v. *City of San Diego,* 26 Cal.2d 196 [157 P.2d 625, 158 A.L.R. 625], relied on by plaintiff, are each factually different from the instant case. A mere reading of these cases makes it evident that they are not here applicable.

Second: *Did the trial court err in holding that plaintiff was contributorily negligent as a matter of law?*

*No.* ■ An invitee on premises who, being unfamiliar therewith, and proceeding into a place of impenetrable darkness, falls and is injured, does not as a matter of law exercise ordinary care for his own safety and hence any injury received is a result of his own contributory negligence for which he may not recover. (*Robinson* v. *King,* 113 Cal.App.2d 455, 457 [2] [248 P.2d 477]; *Bruce* v. *Risley,* 15 Cal.App.2d 659, 664 [59 P.2d 847].)

Applying the foregoing rules to the facts of the case at bar it is evident that plaintiff was contributorily negligent. She had never been on this stairway before or in the vicinity thereof. Likewise it had been two or three years since she had been at this point on the beach. She testified that all she could see was darkness; that the light was dim and shadowy; that it was dimmer at the bottom than at the top, and that the lighting conditions were not at all good. She was evidently aware of the danger of proceeding when she stated that she went cautiously down those steps which had no handrail at the bottom of the stairway; that she altered the manner in which she was walking by taking one step at a time instead of stepping one after the other as she had done previously. Likewise she testified that she was afraid of stepping off the side of the stairway and so moved to the middle.

All these facts indicate plaintiff was aware of the danger of proceeding in the impenetrable darkness. Therefore under the rule above stated she was not exercising the care an ordinarily prudent person should in proceeding into the darkness and was guilty of contributory negligence as a matter of law, with the result she is barred from any recovery for her unfortunate injury.

Affirmed.

Moore, P. J., and Fox, J., concurred.