[Civ. No. 17630. First Dist., Div. One. Sept. 23, 1958.]

MIMIS J. GENTEKOS, Plaintiff and Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Defendant and Appellant.

692

694

Philander Brooks Beadle and John A. Hodges for Plaintiff and Appellant.

Dion R. Holm, City Attorney, and George E. Baglin, Deputy City Attorney, for Defendant and Appellant.

PETERS, P. J.—Plaintiff, Mimis Gentekos, tripped and fell over a broken place in the sidewalk on the north side of Eddy Street in San Francisco. He brought this action against the city pursuant to sections 53050 and 53051 of the Government Code for the injuries allegedly then received. After defendant's motions for a nonsuit and for a directed verdict had been denied, the jury returned a verdict for the plaintiff in the sum of $8,000. Judgment was entered accordingly. The defendant then moved for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. The trial court granted both motions, but limited the new trial to the issue of damages. Plaintiff has appealed from the judgment notwithstanding the verdict, and defendant has appealed from the limited new trial order, claiming that if a new trial is to be granted it should be on all issues.

The making and granting of these two apparently conflicting motions is permitted by statute. (Code Civ. Proc., § 629.) When both motions are granted "the order granting a new trial shall be effective only if, on appeal, the judgment notwithstanding the verdict is reversed and the order granting a new trial . . ., if appealed from, is affirmed." (Code Civ. Proc., § 629.)

The accident happened shortly after 9 a. m. on July 15, 1954, on the sidewalk located on the north side of Eddy Street between Mason and Taylor Streets in downtown San Francisco. The sidewalk in this area is about 12 feet wide. The day was dry and the sky was overcast. Plaintiff lives about a block from where he fell. He was walking towards Market Street. He had walked along Eddy Street occasionally in the past and knew that the sidewalk was "kind of rough down there" but had never observed the broken place where he fell. At the time of the accident there was no other pedestrian near the place where it occurred.

The defect in the sidewalk was located about seven feet from the curb and between a laundry and the entrance to the Empress Hotel. The sidewalk for some distance surrounding the defect is in good condition. The defective section was pie-shaped. Its longest dimension, which was parallel to the curb, measured 13 inches, while at the east end it measured 10½ inches and on the west end 4½ inches. The broken portion was loose and tilted so that the west side of the break was raised about an inch and a quarter above the sidewalk. The edges of the break were irregular and jagged, and some parts of the broken piece were missing. There was a hollowed out space below a part of the broken portion so that in this area the broken piece projected about two inches above the bottom of the depression. The plaintiff was walking easterly and fell over the westerly edge of the defect, at the point where it is highest above the surrounding sidewalk. These physical facts were testified to by an engineer who examined the area the afternoon of the accident, and by several lay witnesses. Photographs taken the day of the accident amply corroborate the descriptive testimony.

There was substantial evidence that the defect had existed for about six months before the accident. There is some conflict on this issue, but this being an appeal from a judgment notwithstanding the verdict, the evidence most favorable to the plaintiff must be accepted as true. During this six-month period several people stumbled over the defect, but there

is no evidence that anyone had fallen. There was no evidence that anyone had ever complained to the city about the condition, and admittedly there was no evidence that the city otherwise had actual notice that the defect existed.

*The Appeal from the Judgment Notwithstanding the Verdict*

This action was brought under the Public Liability Act now codified in sections 53050 and 53051 of the Government Code. Under section 53050 the term "public property" is defined as including the public streets. Section 53051 provides that:

"A local agency is liable for injuries to persons and property resulting from the dangerous or defective condition of public property if the legislative body, board, or person authorized to remedy the condition:

"(a) Had knowledge or notice of the defective or dangerous condition.

"(b) For a reasonable time after acquiring knowledge or receiving notice, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

Under these provisions, if the conditions set forth in the section are shown to exist, a city is liable for the dangerous and defective condition of a sidewalk resulting in injury to a pedestrian. (*Ackers* v. *City of Los Angeles,* 40 Cal.App.2d 50 [104 P.2d 399].)

Under the sections the conditions that must exist are, first, the condition must be a "dangerous or defective" one; second, the city must have knowledge of the condition; and third, the condition must exist for a reasonable time after acquiring such knowledge so that the city has a reasonable opportunity to repair the condition.

The duty imposed on the city to keep its sidewalks in repair is not that of an insurer. The duty is to maintain the streets and sidewalks in a reasonably safe condition. Whether the city has complied with this requirement, that is, whether the condition complained of constitutes a "dangerous or defective" condition is normally a question of fact. (*George* v. *City of Los Angeles,* 11 Cal.2d 303 [79 P.2d 723].) A condition is a dangerous or defective one if the hazard is one from which injury may reasonably be anticipated to those properly using the area for the purpose intended. (*Jones* v. *City of Los Angeles,* 104 Cal.App.2d 212 [231 P.2d 167].) Whether a particular condition is a dangerous or defective one is generally a question of fact.

(*Sandstoe* v. *Atchison, T. & S. F. Ry. Co.*, 28 Cal.App.2d 215 [82 P.2d 216]; *Bauman* v. *City & County of San Francisco*, 42 Cal.App.2d 144 [108 P.2d 989].) ■ Of course the condition must be one that is truly dangerous or defective. If it is trivial then it is neither dangerous nor defective, and, as a matter of law, the city is not liable. The condition existing must be such that it constitutes a danger to persons using the sidewalk in a lawful manner. (*Bigelow* v. *City of Ontario*, 37· Cal.App.2d 198 [99 P.2d 298].) ■ In other words, a city is not liable for minor defects that could not reasonably be anticipated to result in accidents (*Whiting* v. *City of National City*, 9 Cal.2d 163 [69 P.2d 990]; *Balkwill* v. *City of Stockton*, 50 Cal.App.2d 661 [123 P.2d 596]), but the public is entitled to be protected from even small defects if injury is likely to result from them. (*Barrett* v. *City of Sacramento*, 128 Cal.App. 708 [18 P.2d 356]; *Hook* v. *City of Sacramento*, 118 Cal.App. 547 [5 P.2d 643].) ■ The fact that a person has been proximately injured as a result of the defect is some indication that the condition is dangerous or defective. (*Balkwill* v. *City of Stockton*, 50 Cal.App.2d 661 [123 P.2d 596]; *Bauman* v. *City & County of San Francisco*, 42 Cal.App.2d 144 [108 P.2d 989]; see generally 35 Cal.Jur.2d, pp. 296 to 305, §§ 511 to 518.)

■ In the present case it cannot be said, as a matter of law, that the defect was so trivial that reasonable minds could not differ as to whether the condition was dangerous or defective. That being so, that was a fact question.

But this question of whether a defect is or is not a minor one becomes important in another connection. ■ Before a city can be liable under the public liability act it must have knowledge of the dangerous or defective condition. (*Watson* v. *City of Alameda*, 219 Cal. 331 [26 P.2d 286]; *Nicholson* v. *City of Los Angeles*, 5 Cal.2d 361 [54 P.2d 725]; *Howard* v. *City of Fresno*, 22 Cal.App.2d 41 [70 P.2d 502].) But actual notice of the dangerous or defective condition is not required. The finder of the fact may find that the city has constructive knowledge, if the condition has existed long enough that it may be inferred that a reasonable inspection would have ascertained its existence. (*Hook* v. *City of Sacramento*, 118 Cal.App. 547 [5 P.2d 643]; *Van Dorn* v. *City & County of San Francisco*, 103 Cal.App.2d 714 [230 P.2d 393].) ■ A city will be charged with constructive notice of substantial defects which have existed for some time, and which are so

conspicuous that a reasonable inspection would have disclosed them. (*Peters* v. *City & County of San Francisco*, 41 Cal.2d 419 [260 P.2d 55].) However, if the defect is so minor that it would not be disclosed by a reasonable inspection no liability attaches to the city. There are a substantial number of cases holding that, although a particular defect may have created a dangerous or defective condition, it was not so conspicuous as to give the city constructive notice of its existence. (See *Nicholson* v. *City of Los Angeles*, 5 Cal.2d 361 [54 P.2d 725] ; *Whiting* v. *City of National City*, 9 Cal.2d 163 [69 P.2d 990] ; *Balmer* v. *City of Beverly Hills*, 22 Cal.App.2d 529 [71 P.2d 854] ; *Beckley* v. *Vezu*, 23 Cal.App.2d 371 [73 P.2d 296] ; *Barrett* v. *City of Claremont*, 41 Cal.2d 70 [256 P.2d 977] ; *Cheyney* v. *City of Los Angeles*, 119 Cal.App.2d 75 [258 P.2d 1099] ; *Graves* v. *Roman*, 113 Cal.App.2d 584 [248 P.2d 508] ; *Ness* v. *City of San Diego*, 144 Cal.App.2d 668 [301 P.2d 410] ; *Beck* v. *City of Palo Alto*, 150 Cal.App.2d 39 [309 P.2d 125] ; *Sischo* v. *City of Los Banos*, 26 Cal.App.2d 642 [80 P.2d 116, 1020] ; *Sischo* v. *City of Los Banos*, 37 Cal.App.2d 717 [100 P.2d 305] ; *Meyer* v. *City of San Rafael*, 22 Cal.App.2d 46 [70 P.2d 533].)

The fundamental philosophy of these cases was stated as follows in *Whiting* v. *City of National City*, 9 Cal.2d 163, 165 [69 P.2d 990], as follows: "A municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel. Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make the city liable for injuries caused thereby."

In determining whether a defect is or is not so conspicuous so as to give the city constructive notice of it, some courts in this and other jurisdictions have tended to fix rigid tests, and to hold that a defect of a certain size is, as a matter of law, too trivial to constitute a dangerous or defective condition or too trivial to give the city constructive notice of it, while if the defect is over a certain height it becomes a question of fact as to whether it is dangerous or defective or so conspicuous that a reasonable inspection would have disclosed its condition. (See annotation 37 A.L.R.2d 1187.)

It is obvious that a tape measure cannot be used to determine these questions. The question is not solely one of height or depth. The nature of the defect, that is, whether it is a constructional one, one caused by natural causes such as normal wear or tear, the elements, or tree roots, etc., or

whether it is an artificial break in the sidewalk, and how long it has existed are all important. The condition of the sidewalk surrounding the defect is important, as is its location on the sidewalk. All of the cases recognize that the basic questions are whether a reasonable inspection would have disclosed the defect, and, if so, whether the city, having knowledge of it, should have repaired it. These only become questions of law when reasonable minds cannot differ on them. If reasonable minds can differ on those questions, or if they are reasonably debatable, they are questions of fact and should be submitted to the jury. There are many cases so holding. A few of them are: *Peters* v. *City & County of San Francisco*, 41 Cal.2d 419 [260 P.2d 55]; *Hook* v. *City of Sacramento*, 118 Cal.App. 547 [5 P.2d 643]; *Balkwill* v. *City of Stockton*, 50 Cal.App.2d 661 [123 P.2d 596]; *Newman* v. *County of San Mateo*, 121 Cal.App.2d 825 [264 P.2d 594]; *Ervin* v. *City of Los Angeles*, 117 Cal.App.2d 303 [256 P.2d 25]; *Sebern* v. *City of Riverside*, 42 Cal.App.2d 701 [109 P.2d 747]; *Warren* v. *City of Los Angeles*, 91 Cal.App.2d 678 [205 P.2d 719]; *Van Dorn* v. *City & County of San Francisco*, 103 Cal.App.2d 714 [230 P.2d 393]; *Maddern* v. *City & County of San Francisco*, 74 Cal.App.2d 742 [169 P.2d 425]; *Jones* v. *City of Los Angeles*, 74 Cal.App.2d 183 [168 P.2d 480]; *Barrett* v. *City of Sacramento*, 128 Cal.App. 708 [18 P.2d 356]; *George* v. *City of Los Angeles*, 51 Cal.App.2d 311 [124 P.2d 872]; *Sheldon* v. *City of Los Angeles*, 55 Cal. App.2d 690 [131 P.2d 874]; *Ackers* v. *City of Los Angeles*, 40 Cal.App.2d 50 [104 P.2d 399]; *Owen* v. *City of Los Angeles*, 82 Cal.App.2d 933 [187 P.2d 860]; *Allen* v. *City of Los Angeles*, 43 Cal.App.2d 65 [110 P.2d 75]; *Fackrell* v. *City of San Diego*, 26 Cal.2d 196 [157 P.2d 625, 158 A.L.R. 773]; *Bauman* v. *City & County of San Francisco*, 42 Cal. App.2d 144 [108 P.2d 989].

No useful purpose would be served by analyzing the facts of those cases holding that a particular defect is so minor as to relieve the city of liability as a matter of law and those holding that the question of liability is one of fact. No doubt, some of the cases are apparently inconsistent with some of the others. This conflict has arisen because some of the cases seem to have applied a tape measure to the defect to determine whether or not the question of liability is one of fact or of law. But no California court has expressly adopted the tape measure test. Obviously, such a rigid test is unsound. The

size of the defect is a factor, an important factor, that must be considered, but it is not the only factor. The cases all declare that all of the conditions surrounding the defect must be considered in the light of the facts of the particular case, before the issue can be determined. ▆▆▆ All of the cases purport to adopt the same rule—if reasonable minds can differ on the question it is one of fact, and that it is only when reasonable minds must come to the conclusion that the defect is so trivial that a reasonable inspection would not have disclosed it, that the question becomes one of law. Each case must be determined on its own facts.

▆▆▆ In the present case a series of photographs of the defect and of the area surrounding it were introduced into evidence. We have examined those photographs. An expert and several lay witnesses described the defect in detail. We have read their testimony. The evidence shows that this defect was not the type of defect caused by natural wear or tear, or by natural causes. It was an artificial condition that existed in about the center of a 12-foot heavily traveled sidewalk that was otherwise smooth and level. The broken piece was loose and tilted, and its edges jagged and broken. It projected at least an inch and a quarter abruptly above the surrounding area. It existed in this condition for six months. After looking at the pictures and reading the testimony we think that it was for the jury to determine whether the condition was a dangerous and defective one, whether it was of such a nature that a reasonable inspection would have disclosed its nature and existence, and whether it existed long enough to give the city constructive notice of it in time to repair it. Certainly, reasonable minds can differ on these questions. That being so, they should not have been taken from the jury. The judgment notwithstanding the verdict must be reversed.

### The Order for a Limited New Trial

As already noted, the city has taken a precautionary appeal from the order granting the new trial on the issue of damages alone, contending that the new trial should have been granted on all of the issues.

▆▆▆ It is, of course, elementary, that where issues are severable the trial court may grant a new trial on one of the issues and deny it as to others. ▆▆▆ It is also obvious that the issue of liability in the instant case is severable from the issue of damages. On the issue of liability the evidence

supports the implied findings of the jury. On the issue of damages the evidence was highly conflicting, and would readily support a finding of damages in a lesser sum. Therefore, whether the new trial should have been granted on all of the issues or on the issue of damages alone was a question for the trial court. Its discretion in the matter cannot be reversed unless appellant demonstrates that such discretion has been abused. (See generally 36 Cal.Jur.2d p. 157, § 17.)

In the present case the plaintiff has not appealed from the limited new trial order. He, then, cannot and does not challenge it. It is the defendant who contends that it was entitled to a new trial on all of the issues. In this connection it is urged that the jury was erroneously instructed on the issue of liability and that certain instructions on that issue were erroneously refused. We have read the entire charge on that issue. While some of the instructions were awkwardly expressed, and others could have been given, as a whole, the charge was full, fair and equitable and adequately covered all of the basic issues.

 Defendant first challenges the instruction relating to the standard of care relating to a pedestrian. It states: "In the absence of notice or knowledge to the contrary, a pedestrian exercising ordinary care and making normal use of a public sidewalk has a right to assume that it is in reasonably safe condition, and while he must use ordinary care for his personal safety and make reasonable use of his faculties to avoid injury to himself, *he is not required* to keep his eyes fixed on the ground *or to be on a constant lookout* for danger." (R.T. 137.) (Italics added.) The court also instructed that "Whether plaintiff made reasonable use of his faculties and whether he should have observed the condition which allegedly caused him injury are questions of fact for you to decide."

The defendant complains that the instruction first quoted is predicated on the premise that the city must furnish a pedestrian a safe sidewalk, and contends that the city is under no such duty.

The challenged portion of the instruction is taken almost verbatim from language used in the recent case of *Peters* v. *City & County of San Francisco*, 41 Cal.2d 419, at page 424 [260 P.2d 55]. While it has frequently been held that it is dangerous to frame an instruction based upon isolated extracts from court opinions, this does not mean that it must never be done, or that to do so is necessarily error. The Peters case

correctly states the law as to duty of pedestrians using the sidewalk and the duty of the city to keep the sidewalk in repair. The cases cited by appellant relate to the duty of a pedestrian crossing a street, an entirely different problem from the one here involved. There was no error in the two challenged instructions.

■■■ The city next complains that the refusal of the court to give the following requested instructions was reversible error:

"A duty rests on the plaintiff to exercise reasonable care to look where he is going and to see that which is in plain sight in front of him. It is negligence to fail to exercise such care."

"It is the duty of every adult person, regardless of age or sex, at all times to exercise reasonable care and precaution for his own safety while walking on the sidewalk. If a claimed defect is or should be reasonably apparent to a pedestrian who is exercising reasonable care, the pedestrian is required by law to exercise reasonable care to avoid injury therefrom and if he fails to exercise such care and as a proximate result is injured, he is in such case guilty of contributory negligence and cannot recover any damages."

"It is the duty of a pedestrian traveling on a public sidewalk to exercise reasonable care for his personal safety and to make reasonable use of his faculties of sight, and if he fails to do so and is injured by reason of such failure, he cannot recover damages on account of such injury."

These proffered instructions undoubtedly state correct principles of law applicable to the facts of the instant case. But the fact that they were not given in the language desired by the city was not error. The fact is that the issues involved were adequately covered by other instructions. The court instructed that a pedestrian "must use ordinary care for his personal safety and make reasonable use of his faculties to avoid injury to himself"; that whether "plaintiff made reasonable use of his faculties and whether he should have observed the condition which allegedly caused him injury are questions of fact" for the jury to decide; that "Contributory negligence is negligence on the part of the person injured, which, cooperating with the negligence of another, helps in proximately causing the injury of which the former thereafter complains"; and that one "who is guilty of contributory negligence may not recover from another for the injury suffered."

These instructions adequately covered the field. It must be remembered that the issue as to the possible contributory negligence of the pedestrian and the issue as to whether a reasonable inspection should have disclosed the defect are not identical. A pedestrian is not an inspector. As was said in *Peters* v. *City & County of San Francisco*, 41 Cal.2d 419, 424 [260 P.2d 55], a pedestrian making normal use of a sidewalk in the absence of knowledge to the contrary "has a right to assume that it is in reasonably safe condition, and while he must use ordinary care for his personal safety and make reasonable use of his faculties to avoid injury to himself, he is not required to keep his eyes fixed on the ground or to be on a constant lookout for danger. [Citing many authorities.] Even if a defect is one which might be visible to a person who is looking for such a condition, it does not follow that a pedestrian is guilty of negligence as a matter of law in failing to see and avoid it. [Citing authorities.] Whether plaintiff made reasonable use of her faculties and whether she should have observed the condition which caused her injury were questions of fact. [Citing authorities.]" These principles were adequately covered in the instructions given. While the proffered instructions repetitively stated the same rules, appellant cannot properly complain that its theory was not overemphasized or not stated in a particular way, so long as the theory was adequately and fairly covered. (*Jaeger* v. *Chapman*, 95 Cal.App.2d 520 [213 P.2d 404].) That is this case.

The city also complains that an instruction on constructive notice assumed that the condition complained of was dangerous and defective and would import notice. While the challenged instruction was awkwardly expressed, the court fully and carefully instructed that: ". . . before the plaintiff may be entitled to your verdict, you must find from a preponderance of the evidence:

"First, that plaintiff suffered an injury of which a proximate cause was some dangerous or defective condition to the sidewalk on Eddy Street."

"A dangerous or defective condition, as denoted by the use of that term in these instructions, means a condition in the sidewalk in question that would have caused it to be not reasonably safe for persons who, with ordinary care for their own safety, used said sidewalk, or might have used it for the purpose intended, or as expressly or impliedly invited, or as permitted by the controlling authority."

Thus the jury was properly instructed that the issue of whether the condition was such as to import notice was a question of fact for it to determine. No possible confusion could have resulted from the awkward expression of the rule in the challenged instruction.

The trial court refused a proffered instruction to the effect that to impose liability the jury must not only find that the city had notice of the defect, but also of its dangerous character. The proffered instruction correctly stated this principle. But the principle was fully and adequately covered by a series of instructions appearing on pages 133, 134, 135 and 136 of the Reporter's Transcript. Thus failure to give the proffered instruction was not error.

Defendant also complains of the refusal to give a proffered instruction on unavoidable accident. Such an instruction is confusing and misleading and superfluous and serves no useful purpose. (*Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500].) Failure to give it was not error.

The other errors complained of are of a minor character and do not require discussion. Suffice it to say that none of them was prejudicially erroneous.

The judgment notwithstanding the verdict is reversed; the order granting a new trial and limiting such new trial to the issue of damages alone is affirmed.

Bray, J., and St. Clair, J. pro tem.,* concurred.

A petition for a rehearing was denied October 23, 1958, and the petition of defendant and appellant for a hearing by the Supreme Court was denied November 19, 1958. Spence, J., was of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.