[Civ. No. 26554.   Second Dist., Div. Four.   Apr. 25, 1963.]

MARIA RODRIGUEZ, Plaintiff and Respondent, v. CITY OF LOS ANGELES, Defendant and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and John A. Daly, Deputy City Attorney, for Defendant and Appellant.

Memel & Memel, David V. Easton and Robert A. Memel for Plaintiff and Respondent.

BURKE, P. J.—Plaintiff was injured as a result of tripping and falling on a public sidewalk. A jury returned an award of damages against defendant City of Los Angeles.

The Public Liability Act of 1923, contained in California Government Code sections 53050 et seq., imposes upon a city liability for injuries to persons or property resulting from a "dangerous or defective condition of public property," if the conditions of the act are otherwise met. Such conditions require essentially that the body or person authorized to remedy the condition have knowledge or notice of such dangerous or defective condition and fail to remedy the condition within a reasonable time after such notice.

In the case of *Ness* v. *City of San Diego*, 144 Cal.App.2d 668, 670 [301 P.2d 410], the court points out ". . . the city's liability depends upon whether or not the stated condition is one of such danger as to enjoin upon it the duty of repair under the Public Liability Act of 1923. . . ."

The duty imposed on the city to keep its sidewalks in repair is not that of an insurer. The duty is to maintain them in a reasonably safe condition. (*Gentekos* v. *City & County of San Francisco*, 163 Cal.App.2d 691, 696 [329 P.2d 943].)

The city's principal contention on appeal is that the purportedly defective condition of the sidewalk was a minor de-

fect as a matter of law and such issue was not properly refer-rable to the jury. The city also pleaded the defenses of con-tributory negligence and assumption of risk which were de-termined adversely to its contentions. The city further con-tended that notice and knowledge of the dangerous charac-ter of the condition must be proved to establish liability and that the failure of the court to so instruct the jury was preju-dicial error.

■ "Whether a particular condition is a dangerous or de-fective one is generally a question of fact." (*Gentekos* v. *City & County of San Francisco, supra,* 163 Cal.App.2d 691, 696.) ■ However, "What constitutes a minor defect is not al-ways a mere question of fact. If the rule were otherwise the city could be held liable upon a showing of a trivial defect." (*Whiting* v. *City of National City,* 9 Cal.2d 163, 165 [69 P.2d 990].)

In *Balkwill* v. *City of Stockton,* 50 Cal.App.2d 661, 667 [123 P.2d 596], the court stated: "In spite of the fact that defects in sidewalks may be so slight or trivial as to create mere questions of law regarding their dangerous nature, it is, nevertheless, true that when the evidence is so conflicting that different conclusions may reasonably be drawn regarding the dangerous character of the defects, or concerning the question of notice thereof on the part of the officers of the city, the determination of such questions should be left to the jury and their conclusions should not then be disturbed on appeal."

■ Similarly, in *Gentekos* v. *City & County of San Fran-cisco, supra,* at page 699, it is said: "All of the cases rec-ognize that the basic questions are whether a reasonable in-spection would have disclosed the defect, and, if so, whether the city, having knowledge of it, should have repaired it. These only become questions of law when reasonable minds cannot differ on them. If reasonable minds can differ on those questions, or if they are reasonably debatable, they are ques-tions of fact and should be submitted to the jury. There are many cases so holding. [Citations.]"

■ In the present case, photographs introduced in evi-dence showed that abutting sections of two sidewalk slabs were not in horizontal alignment and that one section ranged from one-half inch to approximately one inch higher than the other. This created an obstruction sufficient to cause a person to trip providing the shoe were to be caught by the vertically projecting obstruction of the higher slab, or conversely, if the

high heel of a woman's shoe proceeding in the opposite direction were to be positioned on the very edge of the higher slab. In fact, the evidence discloses, although the city did not have actual notice of them, that there had been at least four prior accidents at the particular location where plaintiff tripped and fell. While not conclusive (see *Whiting* v. *City of National City, supra,* 9 Cal.2d 163), this fact is indicative of a dangerous condition. We hold that the defect was not a minor defect as a matter of law and, therefore, the question as to whether it was a dangerous or defective condition within the meaning of the Public Liability Act was properly submitted to the jury for determination.

We turn now to the question of notice to the city of the existence of the defective condition. Here, we find the city had actual notice of a defective condition of the sidewalk. The official street use inspector for the area involved had inspected the area four months prior to the accident and on several occasions theretofore. As a result of such inspections, and prior to the injury of plaintiff, he requested the issuance of a notice to repair which was sent to the owner of the premises abutting the defective sidewalk. The notice called to the owner's attention "that a condition which endangers persons or property or interferes with the public convenience in the use thereof, exists in front . . ." of his property and notified him that he was " . . . required to correct this condition as follows: Reconstruct approx. 50 sq. ft. off grade parkway sidewalk and 55 sq. ft. offgrade sidewalk."

The notice was given pursuant to section 5615 of the Streets and Highways Code, which provides: "If the repair is not commenced and prosecuted to completion with due diligence, as required by the notice, the superintendent of streets shall forthwith repair the sidewalk" at the expense of the property owner.

The wording of the notice given by the city was in the disjunctive: ". . . a condition which endangers persons or property *or* interferes with the public convenience. . . ." The fact that such a notice was given by the city to the abutting property owner does not constitute of itself conclusive evidence of knowledge by the city of the dangerous character of the defect. The notice was properly admitted as evidence, however, that the city had actual knowledge of the existence of a defective condition requiring repair.

The inspector testified that the period of time taken by the city to repair sidewalks upon the failure of the prop-

erty owner to repair has varied, but that the general practice of the city was to repair such a defect within six weeks after a notice is issued. In this case the defect was not repaired until four months after the notice was issued, which was after the injury to plaintiff. Thus, assuming for the moment that the defective condition was such that it spoke for itself as to its dangerous character, the city, having acquired actual notice of its existence, had the duty to repair the condition within a reasonable time thereafter or to take such action as might be reasonably necessary to protect the public against the condition. In this case, while the city acted to get the property owner to repair, it did not comply with the statute to either repair the defect or protect the public within a reasonable time after notice.

Defendant contends that prejudicial error was committed by the court in its refusal to give the jury an instruction offered by defendant to the effect that before plaintiff in this case can recover, one of the essential elements she must prove by a preponderance of all the evidence, is that the Board of Public Works of the City of Los Angeles, or persons in the employ of the Board of Public Works of the City of Los Angeles having authority to remedy such condition, "had not only notice or knowledge of the condition of the sidewalk but that it also had notice or knowledge of the dangerous character of such condition." Defendant relies upon *Whiting* v. *City of National City, supra,* 9 Cal.2d 163, and *Nicholson* v. *City of Los Angeles,* 5 Cal.2d 361 [54 P.2d 725], for the contention that it is not enough to charge the city with constructive notice, nor in this case with actual notice, of the existence of a defect in the sidewalk, but that there must also be notice of the "dangerous character" of such defect before the duty imposed by the statute is created.

The *Whiting, Nicholson* and *Gentekos* cases, *supra,* are distinguishable from the case at bench. Those cases relied upon a showing of constructive notice. In this case the city, through its inspector, had actual notice of the defective condition. *Whiting, Nicholson* and *Gentekos* stand for the proposition that, in a case where the injured person relies upon a showing of constructive notice, the jury must not only find that the city had notice of the defect, but also of its dangerous character.

The case before us is based upon a showing of actual notice to the city of the defective condition and is similar to the factual situation presented in *Balkwill* v. *City of Stockton,*

*supra,* 50 Cal.App.2d 661, in which the court distinguished the situation therein presented from the constructive notice cases such as *Whiting* and *Nicholson.* In *Balkwill,* the court analyzed the situation as follows (p. 667) : ''The city sidewalk inspector did not say that he failed to observe the holes in question. All that he testified to was that he did not see any holes in that walk 'which he considered dangerous.' There is ample evidence from which we must assume the inspector saw the holes and knew they existed, or that, in the exercise of ordinary care, he should have seen them. The knowledge of the inspector, with relation to the existence of the holes, necessarily charges the city with that knowledge, since he was employed by the city for the express purpose of examining the walks for that very purpose. It was his duty to examine the walks critically for cracks, holes and other defects. We must assume the jury was warranted in finding that he actually saw and knew of the existence of the holes.'' And further (p. 669) : ''In the present case actual inspection of the very sidewalk where the hole existed was made about six weeks before the accident occurred.'' The court held (p. 668) : ''The plaintiff is not bound by the inspector's opinion that the holes were not dangerous enough to require repairing. We therefore conclude there is sufficient evidence to sustain the verdict and judgment against the city.'' It concluded (p. 670) : ''. . . . the questions of the existence of dangerous defects in the sidewalk, the knowledge thereof on the part of the city authorities, and the consequent liability of the city for negligence in failing to repair the hole in question until after the accident occurred were properly submitted to the jury, and that its verdict and the judgment in this case are adequately supported by the evidence.''

In *Balkwill* an instruction was attacked by the defending city but upheld by the court which distinguished between the two kinds of notice. We quote in part (p. 673) : ''Actual notice is where the dangerous or defective condition, *if any,* is known to the City Council or to the persons or officers of the city whose duty it is to correct such conditions. Constructive notice is notice received by virtue of facts and circumstances sufficient to put the city officials, as reasonable persons, on notice of the actual condition of the sidewalk *which is alleged to be defective and dangerous.*

'' 'If the evidence satisfies you that the city had constructive notice *of the alleged defective and dangerous condition,* the requirements of the law are met the same as if the proof

satisfies you that the city had actual notice thereof.' " (Italics not added.)

Thus, in *Balkwill* the court upheld an instruction (said that it was not erroneous nor misleading and that the giving of it was not reversible error), which was quite similar in purport to the one given in the case before us to the effect that, as to actual notice, it is sufficient if the "dangerous or defective condition," if any, is known to the responsible city officials. Only with respect to constructive notice did the court instruct the jury that the condition of the sidewalk must be such as to give the city notice of the defective and dangerous condition of the sidewalks. (See also *Johnson* v. *City of Palo Alto*, 199 Cal.App.2d 148, 152 [18 Cal.Rptr. 484].)

In short, the statute, as applied to this case, establishes three elements for liability: (1) a condition that is, in fact, dangerous; (2) notice to the city of that physical condition; (3) negligence on the part of the city in neither repairing the defect nor warning of its existence. Negligence exists, however, only where: (a) the city (that is to say, the responsible city officials), as reasonable men, in fact knew, or should have realized that the defect was dangerous—i.e., that it created an unreasonable risk of injury to potential users; and (b) the city failed to take required corrective action within a reasonable time after its officials knew, or should have known, of such danger.

In the instant case the jury was instructed in the language of the statute that the city must have notice of "the dangerous or defective condition" and such condition was defined as one "involving an unreasonable risk of injury to persons properly using such area for the purpose intended."

In addition, in this case the jury was properly instructed that the city is not a guarantor of the safety of persons using its sidewalks; that it may not be held liable for minor defects or imperfections not involving danger; that it is not required to keep its sidewalks absolutely safe or free from every defect that possibly might lead to injury, unless any condition short of perfection is a dangerous condition; that a dangerous or defective condition is one from which it would reasonably be anticipated injury would likely occur to those coming in contact with the condition; that the question is whether the condition created an unreasonable hazard; that, since the city is not an insurer of its property, the degree of the hazard created by a given condition of property is determinative as to whether it is a dangerous or defective condi-

tion within the purview of the statute; that, while the city is not liable for minor defects that could not reasonably be anticipated to result in accidents, the public is nevertheless entitled to be protected from even small defects if injury is likely to result from them. We conclude therefore that the jury was adequately instructed on this subject.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 19, 1963.